The Chief Justice
delivered the opinion of the court.
The appellant brought an action in 1876 in Manatee county for trespass and malicious prosecution. The declaration charged that the defendant had falsely and maliciously procured the plaintiff to be indicted and tried, and1 subjected to great trouble and expense. Defendant pleaded not guilty, and set up several supposed matters of defense, in the form of pleas, and also demurred to the declaration. One of the attorneys in the case having been appointed Circuit Judge, the cause rested until 1878, when the venue was changed to Levy county, and' came on at the fall term of 1870, for the action of the court, at which time the defendant abandoned and withdrew all his pleas, except that of not guilty, and also abandoned the demurrer.
The plaintiff’s counsel insisted that there was no valid plea in the case, and moved to strike it out because the defendant had not sworn to it. It was found upon inspection that an affidavit of the truth of the plea was signed by defendant but the jurat was not signed. Whereupon defendant made his affidavit that he had, before filing, sworn to his plea before the County Judge, who had neglected to attest it with his signature, and the court then allowed the defendant to swear to his plea on file before the clerk. This was excepted to by plaintiff’s attorney. Defendant’s counsel, then desired time to prepare a replication to the plea of not guilty, and the court granted him thirty minutes for that purpose. At the end of that time, defendant having announced himself ready for trial, plaintiff filed an affidavit that he was not ready for trial, and could not safely proceed on account of the absence of honorable H. L. Mitchell, whose testimony he desired for the purpose of showing certain facts stated; and on account of the absence of James D. Haygood, of Levy county, who had not been subpoenaed, because the issues were not made up until that day, and on account of the absence of “several other witnesses” who resided in Manatee, by whom he expected to prove that the defendant swore falsely before the Grand Jury to obtain the indictment set out in the declaration; that he expected to obtain all said evidence by the next term of the court, and that this affidavit was not made for delay but for the purpose of obtaining justice, and that he could not safely go to -trial without said evidence.
Upon this affidavit, and upon the statement of counsel that he could not safely go to trial owing to the amendment of the pleadings, plaintiff moved for a continuance until the next term.
The court ordered that the cause be continued unless the defendant would admit the facts which plaintiff desired to prove by Mitchell, as stated in his affidavit. This was excepted to by plaintiff. The defendant then filed an admission of the facts- as stated to be within the knowledge of Mitchell, and demanded a trial. The Judge ordered that the trial proceed, and plaintiff asked time until the next morning to consider whether he would join issue upon the plea, which was allowed.
“On the following morning the plaintiff’s counsel announced that he declined to join upon the plea, and rested his case upon his exceptions to the rulings of the court. Thereupon tire defendant, by his attorneys, moved the court for judgment dismissing said cause for want of prosecution, which judgment was then and there made and entered, the plaintiff saying nothing.”
The plaintiff appealed from this judgment.
It is alleged for error that the court should not have allowed a plea while the demurrer was pending. The 34th section of the Practice act of 1861 allows a party to plead and demur to the same pleading at the same time upon making affidavit (if required by the Judge) of good faith, &c. The appellant, however, cannot raise this question here, because the demurrers were withdrawn.
The second and third errors assigned are the orders allowing the defendant to swear to his plea before the clerk on account of the omission of the County Judge to attest the' jurat in the first instance, and in refusing to strike off the plea as not sworn to.
The court had clearly a discretion to allow the plea to be perfected by a proper verification. The statute of 1861, regulating practice and proceedings, sec. 4, gives the defendant a right to plead at any time before judgment, and this includes the right to make any proper amendment of his plea.
The fourth error assigned is, that the court allowed plaintiff’s attorney only half an hour in which to reply to the plea. The only plea remaining was the general issue, not guilty. The Judge could well determine whether the counsel might within thirty minutes of diligent labor frame a similiter to this plea.
The fifth and sixth errors assigned are, that the court allowed a “conditional continuance,” and refused a continuance for the term, and‘ordered a trial upon the filing of an admission by defendant of the facts alleged as being within the knowledge of Judge Mitchell.
This brings up the- question whether the Judge exercised a sound discretion in refusing a continuance upon plaintiff’s affidavit as to the absence of Haygood, and other persons not named, none of whom had been subpoenaed. The affi-ant does not show in his affidavit that the testimony of such absent persons was material, nor does he even swear that lie believes it to be material. He says he could not safely proceed to trial without their testimony, but he does not say that he would be in any better predicament if they were present. Nor does he show that the withdrawal of the defendant’s special pleas'made their attendance of importance, or that the case then presented any new phase. The admission of the facts sought to be shown by Judge Mitchell made his personal attendance or testimony unnecessary, and as to the others, we have no means of judging • that the facts sought to be proved by them were essential to the plaintiff’s case. He says, he expected to prove that “defendant swore falsely before the Grand Jury to obtain the indictment against him,” but it is not stated whether any false statement of the defendant before the Grand Jury was a material statement, or that the Grand Jury were influenced by it to find the bill.
The suit .was commenced in March, 1876, and the plea was filed during the summer of that year. The venue was changed to Levy county in November, 1878. In December, 1879, at the second or third term after the change of venue, these proceedings were had. Both parties resided in Manatee. There is no reason given for omitting to take the depositions of these unknown witnesses, or for not hav.ing them before the court. The defendant was there in readiness to proceed. It was proper for the Judge to enforce the rule as often announced by this court, to protect the defendant from being called at a long distance from home, and from being subjected to the necessary expense of preparing for and attending court with counsel and witnesses at several terms, and to require the plaintiff to show that he had used some diligence in preparing for the trial. *121 It does not appear tliat the plaintiff has used proper diligence, and it does not appear that the testimony of the absent witnesses was material, or that he had taken any steps toward procuring their attendance or testimony. The rule is laid down in Harrell vs. Durrance, 9 Fla., 490, (A. D. 1861,) has been enforced in Gladden vs. State, 12 Fla., 562, and 13 Fla., 623; Barber vs. State, 13 Fla., 675. The court therefore properly refused to farther postpone the trial.
The judgment of the Circuit Court is affirmed with costs against the. appellant.