| | |
|---|---|
| 22 | 321 |
| 31 | 41 |
| 22 | 321 |
| 34 | 439 |
| 22 | 321 |
| 35 | 264 |
| 22 | 321 |
| 46 | 328 |

WALTER G. ROBINSON, AS ASSIGNEE, &C., APPELLANT, VS. J. P. NIX, APPELLEE.

An assignee of an insolvent firm is a *trustee* of *an express trust* under chapter 3241, Laws Florida, (McC's. Dig., §72, p. 829,) and may sue at law in his own name as such assignee to recover the amount of an open account for goods, wares and merchandise assigned to him as an asset of the firm.

Appeal from the Circuit Court for Marion County.

The facts of the case are stated in the opinion.

*W. S. Bullock* for Appellant.

*S. D. McConnell* for Appellee.

Mr. Justice Raney delivered the opinion of the court:

The cause of action sued on in this case, and of which a copy is filed with the declaration, is an open account of H. P. Robinson & Bro. against J. P. Nix; the different items of goods, wares and merchandise named therein being charged on divers days from February 13th to July 22d, A. D. 1884. The action is brought by appellant "as assignee of H. P. Robinson and C. F. Robinson, late partners, under the firm name of H. P. Robinson & Bro." The amended declaration alleges that the appellee was on the said 22d day of July indebted to said H. P. Robinson & Bro. in the sum of six hundred dollars for goods bargained, sold and delivered to the appellee at his request and for money paid by them for him at his request, and there is also what is meant as a count upon an account stated between them and him, or between him and the assignee. There is also in this declaration an allegation that the firm on the latter day, they being unable to pay their debts in full, executed and delivered to the appellant as assignee for the benefit of their creditors their deed of assignment whereby they conveyed to him as such all their goods, wares, store accounts, bonds, notes, choses in action and other property of whatever nature or kind.

This declaration is demurred to, the ground discussed here being that the open account sued on is not assignable so as to vest the right of action in the assignee. The Circuit Judge sustained the demurrer and there was judgment that the defendant go hence without day and that he recover his costs.

JANUARY TERM, 1886.     323

Walter G. Robinson, as Assignee, &c., v. J. P. Nix—Opinion of Court.

The appellee's counsel cites Bouvier's Law Dictionary, *Title Assignment*, which lays down the well established rule that at common law the assignee of a chose in action in a court of law must sue in the name of the assignor in whose place he stands: and also the act of 1828, §86, page 832, of McClellan's Digest, which authorizes the assignee of certain written instruments to sue in his own name. It is not contended that if this were all the legislation upon the subject this action could be maintained. The act of 1881, chapter 3241, is relied upon by appellant as authorizing the action in his name. This statutes provides that any and all civil actions at *law* may be commenced and maintained in the name of the real party in interest, and that a trustee of an express trust may sue without joining with him the person for whose benefit the action is prosecuted. Had the firm assigned the claim sued on to the plaintiff to be held for his own benefit, he could have sued on it in his own name under the statute as the real party in interest. There is no doubt that he as assignee under the deed of assignment is an express trustee, and may sue for the collection of the claim without joining any persons for whose benefit the action is prosecuted, even if it be assumed that Robinson & Bro. are such. Such is the plain meaning and effect of this statute, and the holding in New York, whence we get it. Mellen vs. Hamilton Ins. Co., 17 N. Y., 609; Cummins vs. Barkalow, 43 N. Y., 514. In Robinson vs. Springfield Co., 21 Fla., 219, it is said: " Moreover, since the passage of chap. 3241, we do not think it can be held in this state that an assignment of a chose in action is not recognized in a court of law."

We do not see that Sammis vs. L'Engle, 19 Fla., 804, has any bearing on this question.

The judgment is reversed.