F. J. Dubos & Co., Appellants, vs. Hoover, Jones & Bowen, Appellees.

Where J. & B. and H. agreed to enter into and carry on a certain mercantile business under such circumstances as to show that the several parties to the agreement placed their money, effects, labor and skill, or some or all of them, in such business, with the understanding that there should be a communion of the profits thereof between them, is sufficient to constitute, or tend to constitute, the parties to said agreement partners in said business.

Appeal from the Circuit Court for Putnam county.

The facts of the case are stated in the opinion of the court.

*Doggett & Buckman* for Appellants.

*Fletcher & Wurtz* for Appellees.

Mitchell, J.: The appellants commenced action of assumpsit in the Circuit Court of Duval county, March 12th, 1886, against the appellees as partners, doing business under the firm name of Minnard L. Hoover. The special count of the declaration alleges that the defendants are indebted to the plaintiffs for goods, wares and merchandise

sold and delivered by the plaintiffs to the defendants at their request, &c. Then follow the common counts.

The defendants, Jones & Bowen, pleaded "never indebted," upon which plea plaintiffs joined issue.

Hon. James M. Baker, Judge of the 4th Circuit, being disqualified, the cause was transferred to Putnam county, 5th Circuit.

On November 9th, 1887, the cause came on for trial at Palatka, Putnam county, and after the parties had announced ready for trial, and after a jury had been empannelled to try said cause, the defendants moved the court to allow them to withdraw their plea of never indebted, and to file a plea denying their partnership, which motion was granted upon condition that defendants pay all costs of suit to date, and the plea was filed.

The attorneys for the parties then entered into an agreement, wherein it was stipulated " that à certified copy of that certain writing entitled articles of agreement, dated 21st day of September, 1885, made and executed by and between Minnard L. Hoover, Robert H. Jones and Daniel Bowen, may be used in evidence on the trial of said above cause as fully and to all intents and purposes as the original could or might be, proof of the execution of such original being waived, subject, however, to all objections that might be urged to the original."

The plaintiffs then offered in evidence the copy of the aricles of agreement referred to in the foregoing agreement, to the introduction of which the defendants objected upon the ground "that it neither proves or tends to prove a partnership between the said parties," which objection was sustained by the court, and the plaintiffs excepted. The plaintiffs being dissatisfied with the ruling and judgment of the court appealed, and file the following assignment of errors:

1. That the court erred in allowing the defendants to withdraw their plea of never indebted after issue joined and jury empannelled for trial, and substituting in lieu thereof the plea denying partnership of defendants.

2. That the court erred in allowing the withdrawal of the issue already made, and the substitution of an entirely new and different issue at the trial of said cause.

3. The court erred in refusing to admit in evidence the certified copy of the agreement between the defendants, offered as evidence proper to go to the jury, tending to prove partnership between them.

4. The court erred in refusing to allow the agreement between defendants to be read in evidence to the jury as evidence tending to prove said defendants partners.

5. The court erred in forcing plaintiffs to and rendering judgment of non-suit by refusing to admit in evidence on the trial of said cause the certified copy of an agreement in writing between defendants, offered to show a partnership between defendants, or tending to prove such issue.

The errors assigned raise but three questions, first, did the court below err in allowing the defendants to withdraw their plea of never indebted, and to file the plea denying the partnership of the defendants after the issue was made up and a jury empannelled to try the cause?

The statute (McClellan's Digest, 434, sec. 96,) provides that " the court may, in its discretion, give leave to a party to amend his declaration, or other pleading, in a cause at any time before the case is submitted to a jury; *Provided*, That the party asking the privilege shall be required to make his or her amendment instanter; and provided also, that if the proposed amendment be in matter of substance, and not of form, the other party shall have the right to claim a continuance."

Counsel insist that the court erred in allowing the

amendment to the pleading, because a new defence was set up by the defendants at the very trial of the cause, and that the amendment so made was not allowable under the statute, *supra*. The statute and the rules of practice in this State are very liberal as to the amendment of pleadings; and it is discretionary with the courts to allow such amendments at all times before the jury retires, upon such conditions as may be just, when, in the opinion of the judge such amendment is necessary to determine the true question in controversy between the parties. Robinson vs. Hartridge, 13 Fla., 501.

If the defendants were not partners they were not liable, as such, and, although they may have been in laches in not pleading that fact before it was pleaded, still it was discretionary with the judge to allow the amendment if he thought it necessary to a determination of the true question between the parties. The plaintiffs, so far as the record shows, interposed no objection to the amendment of the pleadings allowed by the court, and it is too late to make that objection now. The amendment was as to substance and the plaintiffs were entitled to a continuance of the cause till the next term of the court, but this they did not ask for.

The next question is, did the court err in refusing to admit in evidence a copy of articles of agreement offered in evidence by the plaintiffs? The ground upon which the evidence so offered by the plaintiffs was excluded, was that said copy did not prove or tend to prove a partnership between the defendants.

As to what constitutes a partnership is a question of law; whether a partnership exists, is a question of fact.

The following are the articles of agreement (copy) offered in evidence:

46

This agreement entered into this 21st day of September, A. D. 1885, by and between Robert H. Jones and Daniel Bowen, doing business as firm of Jones & Bowen, of county of Duval, and State of Florida, of first part, and M. L. Hoover, of the same State and county, of the second part.

Witnesseth : That the parties of the first part agree to sell and deliver to the party of the second part such groceries and goods usually kept in a grocery store, as may be agreed on between the parties from time to time, to be necessary to keep up and conduct the business carried on in the store of party of second part, on lot ten (10) in block two (2) in South Jacksonville, Duval county, State of Florida, on the following terms and conditions; to-wit:

1st. That said goods are to be sold by the party of the first part to the party of the second part for the lowest wholesale market price, and one-half of the profits made on sale of said goods by the party of the second part in the manner hereinafter stated, said half of the profits being paid to parties of first part in consideration of the time extended party of second part in payment for said goods, and of time extended in payment of debts now due parties of first by parties of second part.

2d. That the mortgage of even date herewith from the party of the second part to the parties of the first part, shall include as a lien thereon the said goods as agreed herein to be sold, and shall secure the said indebtedness due parties of first part herein mentioned.

3d. That the parties of first part may place a person in said store of party of second part, who shall have the control and management of the books and business carried on by party of second part, and no debt shall be created in said business except on the consent of the parties of the first part.

4th. That the party of the second part shall be entitled to draw out of said business fifty dollars per month for his services in conducting the business of selling the said goods so placed in said store, and he shall give his entire time and attention to said business in consideration of said sum of fifty dollars per month, and the profits of said business to accrue to him as herein provided.

5th. That the proceeds of sale of all goods in said business shall be carefully kept and paid over each week to parties of first part on the debts now due them and that hereafter may become due them from the party of the second part for goods sold him as aforesaid and on the other debts of party of the second part for goods in his said business.

6th. That at the end of two years the party of the second part shall be entitled to draw out, or be paid one-half the profits of said business, if at that time, all debts due parties of first part and all other debts of said business are then paid, and the remaining one-half of said profits shall be paid to parties of first part, as part of purchase money of the goods sold to party of second part before that time aforesaid.

7th. That the parties of the first part hereto shall not be liable for any debts heretofore created in said business of party of second part by him or by Hoover and Lewis, nor hereafter created bs said party of the second part, their only connection with this business being to furnish the goods to party of the second part on the terms herein expressed.

8th. That at any time when the parties of the first part have been paid their said claims due from party of the second part as herein stipulated, it shall be at the option of either of the parties hereto to treat and regard this agreement as no longer binding or of any effect; and should the

parties of first part find that the said business is not paying a profit above mentioned, it shall be at their option to withdraw from this agreement and to cease to sell goods to party of the second part on the terms herein specified. And that unless otherwise mutnally agreed upon hereafter by the parties hereto, it shall not be binding on parties of first part to sell more than $2,400 of goods under this agreement.

9th. That party of second part will renew lease of store at the end of one year according to the terms of his lease for same from E. W. Gillen, if so requested to do by parties of first part.

The salary of person placed in charge of business under paragraph 3d herein shall be paid out of receipts of business herein refered to.

Judge Story (Story on Partnership, Sec. 2,) says of partnerships: " Partnerships, often called co-partnerships, is usually defined to be a voluntary contract between two or more competent persons to place their money, labor and skill, or some or all of them, in lawful commerce or business, with the understanding, that there shall be a communion of the profits thereof between them."

Lindley ( on Partnership, Vol. 1, page 1 ) says : " Without attempting, then, to define the terms ' partners ' and ' partnership,' it will suffice to point out as accurately as possible the leading ideas involved in those words. The terms in question are evidently derived from to part, in the sense of to divide amongst or to share, and this at once limits their application, although not very precisely—for persons may share almost anything imaginable, and may do so either by agrement among themselves or otherwise. But, in order that persons may be partners in the legal acceptation of the word, it is requisite that they shall share something by virtue of an agreement to that effect, and that

that which they have agreed to share shall be the profit arising from some predetermined business engaged in for their common benefit. An agreement that something shall be attempted with a view to gain, and that the gain shall be shared by the parties to the agreement, is the grand characteristic of every partnership, and is the leading feature of nearly every definition of the term. "

And now, taking these definitions of the term, " partnership " and compare them with the articles of agreement offered in evidence in this case, and do not the articles of agreement tend to show a partnershipbetween the defendants? In the first place the parties—so far as shown—were competent to enter into a partnership; the agreement between them was voluntary, and they placed their money, effects, labor and skill in the business entered into. They showed their intention by the stipulations in the agreement to so unite their money, skill, &c., and also their intention to share the profits arising from the business arrangements so entered into between them, and in doing so, we think, the agreement tends to show a partnership between the parties, and that the court below erred in excluding the copy of the agreement when offered as tending to show the existence of such partnership. What object could Jones and Bowen have had in entering into such an agreement other than to share the profits arrising therefrom? What other motive could have prompted them to sell their goods to Hoover at the lowest wholesale market price; to place their own men in charge of the books and business of the concern, and to take the risk of losses incident to such business but for the purpose of gain—for the purpose of deriving profit from such business? They could have had none other so far as we can see.

Thirdly. Did the court err in forcing ( as alleged in the 5th assignment of error ) the plaintiffs to take a non-

**SUPREME COURT.**

suit, by refusing to admit in evidence on the trial copy of
agreement between defendants? We think not. The court
could not force the plaintiffs to take a non-suit. This is a
voluntary act on the part of a plaintiff when he is disatis-
fied with and desires to appeal from any ruling of the
court.

The judgment is reversed, and the cause is remanded
with directions for further proceedings not inconsistent
with this opinion.