Smith and Haley v. Westcott et als.—Opinion of Court.

C. H. SMITH AND C. A. HALEY, COPARTNERS DOING BUSINESS UNDER THE FIRM NAME OF THE ORANGE COUNTY BANK, APPELLANTS, VS. L. P. WESTCOTT, T. J. SHINE, NAT POYNTZ AND ALEX. ST. CLAIR-ABRAMS, LATE PARTNERS DOING BUSINESS UNDER THE FIRM NAME OF THE TROPICAL CONSTRUCTION COMPANY, APPELLEES.

AMENDMENT OF PLEADING—ASSIGNMENT OF CHOSES IN ACTION.

1. By the 74th section of the Pleading and Practice Act (Chapter 1096 laws of 1861, Section 1042, R. S.) our trial courts are clothed with a very broad discretion in the matter of allowing amendments of the pleadings in civil causes; and, unless there is a very gross and flagrant abuse of the discretion, this court will not interfere with its excise.

2. Under the 24th Circuit Court rule, where the defendants are alleged to be, and are sued as, partners, unless the alleged partnership is denied by plea or otherwise, it is to be taken as true, and requires no proof to establish it.

3. Choses in action in the form of accounts, due bills and other acknowledgments of indebtedness are assignable, and may be sued upon and recovered by the assignee thereof in his own name and right under the provisions of Chapter 3241 laws of 1881. Section 981, R. S.

Appeal from the Circuit Court for Orange county.

The facts of the case are stated in the opinion of the court.

*J. M. Cheney* for the Appellants.

*Alex. St. Clair-Abrams*, for the Appellees.

TAYLOR, J.:

The appellants, in their own names and rights, sued the appellees in the Circuit Court of Orange county in

assumpsit upon the following due bills and statements of account, viz.:

Ex. A.    "Office of Tavares, Orlando & Atlantic Railroad Co.

$103.43                ORLANDO., FLA., July 22nd, 1885.

The bearer, Gus Perry, has due him on voucher in this office for cutting cross-ties, one hundred and three 43-100 dollars.

(Stamped)                A. N. HARRINGTON, Secy.

Tavares, Orlando & Atlantic R. R. Gen. Office, July 22, 1885.

Ex. B.        Tropical Construction Co.
                    To J. W. Farr,                Dr.

July 27, 1885.—For 112 cords wood, at $1.75...$196.00

Examined and approved.    Approved for payment.
                F. C. HAND, Chief Engineer.

Ex. C.

$46.00                ORLANDO, FLA., July 29th, 1885.

The bearer, J. G. Wiley, has due him in this offie on voucher, June, '85, the full amount of $46.00.
                    A. N. HARRINGTON, Secy.

Ex. D.        T. C. Co.
                    To Cincatta Domenico        Dr.
Italian No. 1........1885........Orders........Due
July 31.—For 12 days
    work, at 1.25........15.00.......2.00.........13.00

Ex. E.        T. C. Co.
                    To Domenico Natalo,        Dr.
Italian No. 6.........1885........Orders........Due
July 31.—For 12 days
    work, at 1.25........15.00........2.35........12.75

Ex. F.            ORLANDO, FLA., Aug. 10th, '85.

Due O. H. Kennedy on pay roll for month ending

May 31st, '85, 5 days' extra time as engineer, at $75 per month. ....................................$12.50

TROPICAL CONSTRUCTION CO.,
by A. N. HARRINGTON, Secy.

Ex. G.          ORLANDO, FLA., Aug. 10th, '85.
Due O. H. Kennedy on pay roll for month of May, 12½ days' work extra time as engineer, at $75 per month ......................................$31.75

TROPICAL CONSTRUCTION CO.,
by A. N. HARRINGTON, Secy.

Ex. H.          ORLANDO, FLA., Aug. 10th, 1885.
Due O. H. Kennedy on pay roll for month of June, 7½ days' work extra time as engineer, at $75 per month ......................................$18.75

TROPICAL CONSTRUCTION CO.,
by A. N. HARRINGTON, Secy.

Ex. I.          Vouchers payable.
Tavares, Orlando & Atlantic Railroad·
1885          To J. W. Farr. Address........
For the following items as per bill filed, *viz.:*
Aug. 31.—94¼ cords wood, at $1.75,
          equal .....................$164.94
          Less amount paid............ 110.00—54.94
          Total amount to be paid....... 54.94
Correct. Approved.          F. C. HAND, Gen. Supt.
Ex. J.     Tavares, Orlando & Atlantic Railroad
          Company to Wade Scaggs,          Dr.
Sept. 25, 1885, for cross-ties...............
For 8,115 cross-ties, at 20c.................$1,623.00
Cr. by orders, bills, &c.................... 1,432.77
                                          ————————
   Balance ............................. 190.23

Examined and approved.   Approved for payment.
          F. C. HAND, Chief Engineer.

Ex. K.            Vouchers payable.
                  Tavares, Orlando & Atlantic Railroad
1885              Company to J. W. Farr.    Address......
    For the following items, as per bill filed Sept. 30,
*viz.:*
93 cords wood, at $1.75 .....................$162.75
    Less amounts paid................20.00
                         ................60.00
                         ...............42.25— 122.25
                                                ─────────
    Total amount to be paid................. $40.50
Correct.    Approved.          F. C. HAND, Gen. Supt.

Each and every of these claims contains also a writ-
ten endorsement of transfer and assignment thereof by
the original obligees to C. A. Haley, Cashier.

The declaration contains nine counts, and declares
separately upon each of said several causes of action,
and alleges that the defendants from the 22nd of July
to the 30th of September, 1885, were copartners doing
business under the firm name of "The Tropical Con-
struction Company," and were, as such partners, en-
gaged in the business of building and constructing a
railroad extending from Tavares, in Lake county, to
Orlando, in Orange county, which railroad was owned
and controlled by a corporation organized under the
laws of Florida known as "The Tavares, Orlando &
Atlantic Railroad Company." That the principal
place of business of said four defendants as copartners
under said firm name was at Orlando, and that one A.
N. Harrington was the secretary and agent of said
four defendants trading then and there as aforesaid.
It alleges, in its several counts, that the defendants as
such copartners were indebted in the several amounts
set out in said several causes of action; and that
    28

each and every of said claims against the defendants had been duly assigned and transferred to the plaintiffs by the respective parties to whom they were originally due, and that the defendants were now, by reason of such assignments, indebted to them in the said several sums. It further alleges that on the 29th day of September, 1885, one of the plaintiffs, C. H. Smith, requested the defendant copartner, L. P. Westcott, that said defendants pay all of said claims, and that said Westcott then and there acknowledged that said four defendants were jointly liable for the payment of all of said claims, that the same were just and valid claims against said four defendants trading as aforesaid, and then and there promised that the same would be paid; and that said defendants have often since agreed to pay all the claims set out above.

To the declaration the defendants filed three pleas as follows: "1st. That said action is brought by the Orange County Bank against the Tropical Construction Company for the indebtedness of the Tavares, Orlando & Atlantic R. R. Co., and that said Tropical Construction Co. is not responsible for the indebtedness of said railroad company. 2nd. That the claim of Gus Perry, J. W. Farr, dated August 31st, of Wade Scaggs, dated September 25th, and J. W. Farr, September 30th, are indebtedness of the T., O. & A. R. R. Co., and not of the Tropical Construction Co. 3rd. That said accounts sued upon have never been transferred to the plaintiffs. And that the said defendants T. J. Shine, Nat Poyntz and A. St. Clair-Abrams are ready to verify."

The defendants subsequently filed an amended plea as follows: "That said action is brought by the Orange County Bank against the Tropical Construction Company for the indebtedness of the Tavares,

Orlando & Atlantic R. R. Co., and that said Tropical Construction Company is not responsible for the indebtedness of the T., O. & A. R. R. Co."

At the trial of the cause, over the plaintiff's objection, the court permitted the defendants to file also the following additional plea: "And now come the defendants by their attorney, and for a further plea in their behalf say that they were never indebted to the plaintiffs as alleged in plaintiffs' declaration." At the trial following immediately upon the filing of the plea last set out above, the plaintiffs first proved by C. H. Smith, one of the plaintiffs, that he and C. A. Haley, the other plaintiff, were partners at the time the suit was brought, doing business in Orlando, in Orange county, under the firm name and style of the "Orange County Bank." That C. A. Haley, to whom, as cashier, all of the causes of action sued upon were assigned, was the cashier of said Orange County Bank, said firm doing a general banking business. That it was customary for notes and other instruments made payable to said bank to be made payable to the order of C. A. Haley, cashier. That C. A. Haley was authorized to make contracts within the scope of the partnership business, and that all notes or choses in action payable or assigned to C. A. Haley, cashier, were held by him in trust for the said partnership, the Orange County Bank. The plaintiffs then offered each and every of said causes of action in evidence, and, in connection therewith, offered to prove, as to each and every of them, that on the 29th day of September, 1885, the witness, C. H. Smith, took them to the defendant partner, L. P. Westcott, who was acting as the treasurer of the Tropical Construction Company, and who had the vouchers, accounts and books of said Tropical Construction Company in his possession, and

that said L. P. Westcott compared all of said causes of action with the vouchers, accounts and books of the Tropical Construction Company, and acknowledged that each and every of said claims were true and just claims against the Tropical Construction Company, and were due and payable by it; and upon being informed by C. H. Smith that all of said claims had been purchased by C. A. Haley, as cashier, for the Orange County Bank, and upon being shown the endorsements of transfer thereof to said C. A. Haley, as cashier, the said Westcott promised to pay the same to said Orange County Bank. The plaintiffs offered to prove further, in connection with such of said causes of action as are signed by A. N. Harrington as secretary, that said Harrington was the recognized secretary of said Tropical Construction Company at the times he signed said claims as such; and that on said 29th day of September, aforesaid, the said defendant partner, Westcott, acknowledged the signatures of said Harrington on said claims to be his (Harrington's) genuine signatures as secretary of said Tropical Construction Company. And plaintiffs offered further to prove in connection with each and every of said causes of action, that each of them was in fact the indebtedness of the Tropical Construction Company, and not the indebtedness of the Tavares, Orlando & Atlantic Railroad Company, and that all of said claims had been purchased by and were owned by the plaintiffs. To all of this evidence the defendants objected, and objected also to the introduction in evidence of each and every of said causes of action, which objections were sustained by the court, and all of said evidence and said causes of action were excluded by the court. Upon this ruling by the court the plaintiffs submitted to a non-suit, whereupon.

judgment for costs was rendered in favor of the defendants. Whereupon the plaintiffs appealed.

The errors assigned are the rulings of the court permitting the defendants to amend their pleadings, and the rulings of the court excluding the evidence offered by the plaintiffs to sustain their case.

As to the first error assigned, we do not think there is any merit in it. By the 74th section of the Pleading and Practice Act (Chapter 1096, laws of 1861, sec. 1042 R. S.) our trial courts are clothed with a very broad discretion in the matter of allowing amendments of the pleadings in civil causes; and unless there is a very gross and flagrant abuse of the discretion, this court will not interfere with its exercise. Indeed it is said that grave doubts exist as to the right of this court to interfere with the exercise by the trial judge of his discretion in affirmatively permitting amendments to pleadings. Robinson vs. Hartridge, 13 Fla., 501; Neal vs. Spooner, 20 Fla., 38. The plea permitted to be filed at the trial that is objected to was simply the plea of the general issue, and really did nothing more than to put the defense, already pleaded by imperfect and unskillful pleas, into more perfect and correct form. There was no error in the allowance of the amendments made. The court below was clearly in error in excluding the causes of action sued upon with the accompanying evidence offered in connection therewith. It is contended here that the proffered admissions, in reference to the correctness of the claims, by the defendant copartner Westcott were not admissible in evidence because the admission of one partner could not bind the firm unless it was first shown that the matter admitted was within the scope of the partnership business. The declaration alleges expressly that the defendants as copartners were engaged in the con-

struction of the Tavares, Orlando & Atlantic Railroad.
The partnership, as alleged, is not denied by plea or
otherwise, and, under the 24th Circuit Court Rule,
was to be taken as true, and required no proof to
establish it. Neither was it denied that such partner-
ship was engaged in the construction of a railroad;
and several of the causes of action excluded showed
upon their face that they were for matters connected
with that particular business; and none of them con-
tained any evidence within themselves to indicate that
they were outside of the scope of the partnership
business. Under these circumstances, when the offer
was made to show that one of the partners who had
charge of the accounts, books, vouchers, etc., pertain-
ing to the partnership business, had compared the
claims sued upon with those books, and had admitted
that the claims were all true, just and correct, and that
they were claims for which the partnership was liable,
and that he, on behalf of his firm, had agreed and
promised that they should be paid by the firm, it was
not necessary further to show that the claims fell
within the scope of the partnership's business, and
the court erred in rejecting them with the proffered
accompanying proof of the admissions of the partner
Westcott. The admissions by him, proffered to be
proved, unless rebutted, bound the other defendants
as his copartners, unless the defendants could have
shown that the admission of the partner Westcott that
the claims were justly due on account of the partner-
ship's business was untrue, and that the claims were
not within the scope of the partnership business. Lan-
ier & West vs. Champpell, 2 Fla., 621. The claims
sued on, though some of them were in the form of
accounts, with the proffered proof of the admissions
by the defendant partner Westcott in reference to their

justness and correctness as valid claims against the partnership, became further admissible because with the admissions of Westcott as to their justness and correctness after comparison of them with the books and accounts of the firm, and his accompanying promise that the firm would pay them to the plaintiffs as assignees, made them tantamount to an *account stated* between the parties, requiring no further proof than that of the examination of the different items by the obligors, and their agreement that the amounts of each claim or item was just and correct, that they owed the same, and their definite promise to pay those certain fixed amounts thus agreed upon.  2 Rice on Evidence, p. 836 *et seq.*, and citations; 1 Rice on Evidence, p. 468.

That the plaintiffs, as assignees of the original obligees of the claims sued upon, had the right to maintain the action for the recovery thereof in their own names and right, there is no room for doubt since the adoption of Chapter 3241, approved February 25th, 1881, (sec. 981 R. S.), that provides as follows:  "That any and all civil actions at law may be commenced, maintained or continued in the name or names of the real party or parties in interest bringing or who may have brought the same; provided, that nothing herein shall be deemed to authorize the assignment of a thing in action not arising out of contract; and, provided further, that an executor, administrator, or trustee of an express trust, including a person with whom or in whose name a contract is made for the benefit of another, or a person expressly authorized by statute, may sue without joining with him the person for whose benefit the action is prosecuted."  Robinson vs. Springfield Company, 21 Fla., 203; Robinson vs. Nix, 22 Fla., 321; Sheridan vs. Mayor, 68 N. Y., 30; Allen

vs. Brown, 44 N. Y., 228; Meeker vs. Claghorn, Ibid, 349.

The judgment of the court below is reversed and a new trial ordered.