SUPREME LODGE KNIGHTS OF PYTHIAS, A CORPORATION, PLAINTIFF IN ERROR, v. FANNY E. LIPSCOMB. DEFENDANT IN ERROR.

1. Our statutes permitting amendments of pleadings are very liberal, but the matter of allowing or refusing such amendments must rest largely within the sound judicial discretion of the trial court, as that court must determine whether or not the amendment asked for is "necessary for the purpose of determining in the existing suit the real question in controversy between the parties," and whether or not it has been "duly applied for," and an appellate court will not disturb the ruling of the trial court either in granting or in denying such application, unless it is plainly made to appear that there has been an abuse of this judicial discretion.

2. Requested instructions charging upon the facts of the case are properly refused. To charge the jury otherwise than upon the law of the case would be violative of the express provisions of Section 1088 of the Revised Statutes of 1892.

3. A party cannot predicate an assignment upon an instruction given to the jury, even though erroneous, where the instruction complained of was too favorable to the party complaining thereof and no injury could have resulted to him therefrom.

4. In an action upon a policy of life insurance where one of defendant's pleas is to the effect that the insured came to his death in consequence of the violation by him of a criminal law of the State of Florida, the burden of proving the defensive matter contained in the plea is cast upon the defendant company, and it must establish such plea by at least a preponderance of the testimony.

5. It is unnecessary for the plaintiff in an action upon an insurance policy to anticipate defenses and negative them in his declaration, and, even though the plaintiff should do so, it does not shift the burden of proof and it is still incumbent upon the defendant to prove defensive matter.

6. The denial of a motion for a continuance by the trial court will not be reversed by an appellate court unless a palpable abuse of judicial discretion is clearly and affirmatively shown by the record.

7. Facts submitted by the pleadings need not be proved, and all the allegations in the declaration which are not denied by plea are admitted to be true.

8. Chapter 4173 of the Laws of Florida of 1893 authorizing the recovery of reasonable attorney's fees against life and fire insurance companies in actions upon policies issued by them is constitutional.

9. Chapter 4173 of the Laws of Florida of 1893 is not repealed either directly or impliedly by Chapter 4380 of the Laws of Florida of 1895.

10. Evidence examined and found sufficient to support the verdict.

This case was decided by Division A.

Writ of Error to the Circuit Court for Suwannee County.

### STATEMENT.

Fanny E. Lipscomb brought an action in the Circuit Court for Suwannee county against the Supreme Lodge Knights of Pythias, a corporation, upon a policy of insurance issued by the defendant to Frank M. Lipscomb, the husband of the plaintiff, in the sum of $1000.00. The declaration is rather prolix, setting forth in detail all the facts and circumstances. Condensing the allegations thereof, in substance, it alleges that Frank M. Lipscomb, on the 20th day of December, 1902, being a member of Section No. 5554 of the Endowment Rank Kinghts of Pythias and a member in good standing of a subordinate lodge of the order of Knights of Pythias, which rank and order were under the jurisdiction and control of the defendant, made an application to defendant, in compliance with its rules, for "a certificate of contract of insurance," and on the 20th day of January, 1903, the defendant issued its "certificate or contract of insurance" for the sum of $1000.00, a copy whereof being attached as an exhibit, wherein and whereby it promised to pay to the plaintiff, the beneficiary named therein, said sum, upon the death of the insured, the certificate, however, containing certain stipulations, conditions and provisions, all of which the declaration fully sets out as well as a compliance with each and every of them in detail. The declaration further alleges the death of the insured on the first day of February, 1903, whereby, under the terms and conditions of said certificate, the plaintiff as the beneficiary

named therein became entitled   to the sum of $1000.00, that the defendant had due notice and satisfactory proof of the death and good standing of the insured, but refused and neglected to pay the same.   The damages were laid at $1500.00.   By permission of the court the declaration was amended by inserting a claim for reasonable attorney's fees, as by statute provided.

To this declaration the defendant interposed the following pleas:  "Now comes the defendant by its attorneys W. H. Ellis and Rivers H. Buford, and for plea to the declaration filed by plaintiff herein says:   First. Defendant admits that Frank M. Lipscomb was a member of the Endowment Rank of the Knights of Pythias and that as such member certificate number 128997 for the sum of one thousand dollars was duly issued to him on the 20th day of January, 1903; that after the issuance of said certificate,, to-wit: on the first day of February, the said Lipscomb died, and that proper proof of such death was submitted to the  Board of Control,  Endowment  Rank of  Knights  of  Pythias;  but  the  defendant  alleges that   under   and   by   the   terms   of   contract   sued on   it   was   stipulated   that   the   payment   of   said sum   of   one   thousand   dollars   upon   the   death  of said Lipscomb was  based upon the declarations, representations and agreements made in his application for such certificate, which application was  made a part  of said contract, which said payment was further conditioned upon the full compliance with the laws governing said Endowment Rank then and there in force or thereafter enacted by the Supreme Lodge Knights of Pythias, or by the Board of Control of said Endowment Rank; that in and by said application it was stipulated that if the death of the said Lipscomb should be caused or superinduced in

violation or attempted violation of any criminal law, the certificate issued to the said Lipscomb upon said application should be null and void; that at the time of the death of the said Lipscomb it was provided by the laws of the said endowment rank that "if the death of any member of the endowment rank heretofore admitted into first, second, third or fourth classes, or hereafter admitted should result by suicide, whether sane or insane, voluntarily or involuntarily, or if the death is caused by the use of intoxicating liquors or by the use of narcotics or opiates or in consequence of a duel, or at the hands of justice, or in violation of or attempting to violate a criminal law, then the amount to be paid upon such member's certificate shall be a sum only in proportion to the whole amount of the certificate as the natural life expectancy is to the entire expectancy at the date of the admission to the endowment rank, the expectation of life based upon the American experience table or mortality in force at the time of such death to govern, and defendant admits that it is indebted to the plaintiff in the sum of $2.50, and alleges that it has tendered the said sum of $2.50 of lawful money of the United States to the plaintiff, and plaintiff failed and refused to accept the same, and now defendant tenders into court with this plea the said sum of $2.50 offering to confess judgment for such amount and prays to be dismissed with its reasonable cause herein expended.

Second. Defendant further alleges that said Lipscomb came to his death while in violation of a criminal law of the State of Florida, to-wit: In making and committing an assault and battery upon the person of one Stripling, by striking, beating, bruising, wounding and ill-treating the said Stripling contrary to the criminal law of the State of Florida.

Now comes the defendant for further plea, says: 3rd. That the death of Frank M. Lipscomb was caused or superinduced by his committing an act in violation of the criminal law of the State of Florida, to-wit: That the said Lipscomb was the aggressor in making an assault upon one W. W. Wilder; that he assaulted the said Wilder with a pistol and was killed by the said Wilder in repelling such attack."

The plaintiff joined issue upon the third plea and filed the following replication to the first and second pleas: "And now comes the plaintiff herein by her attorneys Ira J. Carter and McCollum and Sanford, and for replication to defendant's pleas, says: 1st. That plaintiff admits the first plea of defendant down to and including the word 'govern' in the seventh line of the second page of said first plea, and denies that the defendant is indebted to the plaintiff in the sum of $2.50, but avers that the said defendant is indebted to her in a much larger sum, to-wit: In the sum of one thousand dollars, the full face of the policy issued to the plaintiff's said husband, the said Frank M. Lipscomb.

2nd. For replication to the second plea of defendant, plaintiff says that she denies and takes issue on the whole of the second plea of defendant filed herein."

The case came on for trial at the fall term of said court, 1904, which resulted in a verdict and judgment for the plaintiff in the sum of $1000.00, as principal, $83.00 as interest and $200.00 as attorney's fees.

The defendant seeks to have this judgment reversed by writ of error, returnable to the present term of this court. Such other facts as may be necessary will be stated in the opinion.

*Rivers H. Buford,* for Plaintiff in Error.

*Carter & McCollum,* for Defendant in Error.

SHACKLEFORD, C. J., (*after stating the facts*). Eighteen errors are assigned, several of which, however, are either expressly or impliedly abandoned and, following our established practice, we shall consider only such assignments as are argued here.

The first assignment is that "the court erred in refusing to grant defendant to amend defendant's first plea by striking out the first seven lines thereof."

The bill of exceptions discloses that after the trial of the case had begun and the plaintiff had introduced a part of her evidence the defendant asked leave of the court to amend its first plea by striking out the first seven lines thereof, which motion was denied and an exception to the ruling duly noted. The seven lines so sought to be stricken embraced the following:

"Defendant admits that Frank M. Lipscomb was a member of the Endowment Rank of the Knights of Pythias and that as such member certificate number 128997 for the sum of one thousand dollars was duly issued to him on the 20th day of January, 1903; that after the issuance of said certificate, to-wit: On the first day of February, the said Lipscomb died and the proper proof of such death was submitted to the board of control Endowment Rank Knights of Pythias."

The plea of which these words formed a part was filed on the fourth day of January, 1904, replication was filed thereto on the 7th day of March, 1904, and yet not until the 14th day of November following, after the case had come on for trial and plaintiff had introduced part of her

evidence did defendant seek to have its plea amended. Our statutes permitting amendments are very liberal, secs. 1042 *et seq.* of Revised Statutes of 1892, but the matter of allowing or refusing amendments of pleadings must rest largely within the sound judicial discretion of the trial court, as that court must determine whether or not the amendment asked for is "necessary for the purpose of determining in the existing suit the real question in controversy between the parties," and whether or not it has been "duly applied for," and an appellate court will not disturb the ruling of the trial court either in granting or in denying such application, unless it is plainly made to appear that there has been an abuse of judicial discretion. Smith v. Westcott, 34 Fla. 430, 16 South. Rep. 332; Dubos v. Hoover, 25 Fla. 720, text 722. 6 South. Rep. 788; Robinson v. Hartridge, 13 Fla. 501; Neal v. Spencer, 20 Fla. 38; Livingston v. Anderson, 30 Fla. 117, 11 South. Rep. 270; Hart's Executor v. Smith, 20 Fla. 58; Burt v. Florida Southern Railway Co., 43 Fla. 339, 31 South. Rep. 265. No reason or excuse was offered for not applying earlier to the court for leave to amend this plea, and we are of the opinion that no error was committed by the trial court in refusing the application.

The third and fifth assignments are based upon the refusal of the court to give special charges Nos. 5 and 7a asked for by the defendant. An examination of these charges discloses that each was objectionable upon several grounds, a common ground being that they were violative of section 1088 of the Revised Statutes of 1892 in that they charged upon the facts. Southern Pine Co. of Georgia v. Powell, 48 Fla. 154, 37 South. Rep. 570, and authorities therein cited.

The sixth assignment is predicated upon the giving of the following instruction by the court of its own motion:

"It devolves upon the plaintiff to prove by a preponderance of the evidence in  this case  that the  deceased, Frank M. Lipscomb, did not come to his death while in an act in violation of or in an attempt to violate a criminal law of the State or Federal Government, and, if the plaintiff fails to prove such fact by a preponderance of the evidence, you should find for the defendant."

This charge was entirely too favorable to defendant, and, though erroneous in that it imposed a duty upon plaintiff which the law did not cast, defendant certainly has no cause of complaint.  Bacon v. Green, 36 Fla. 325, text 345, 18 South. Rep. 870.  Murray v. New York Life Ins. Co., 85 N. Y. 236, is directly in point.  The policy in that case, provided that if the insured should die in consequence of the violation of any law the policy should be void; the complaint, corresponding  to our  declaration, filed therein alleged that the death was not caused by the breaking of any of the conditions of the policy, the answer filed therein denied this allegation and averred that the insured died in consequence of a violation by him of the State law.  It was held in the opinion rendered therein that the allegation in the complaint that the death of the insured was not caused by the breaking of any of the conditions of the policy was not essential to the  cause  of action and  was an  unnecessary  allegation,  yet,  even though so alleged, plaintiff could not be required to prove it, that the defendant, having denied this allegation and set up in its answer the fact that the insured came to his death in consequence of the violation by him of the laws of New York, had the burden cast on it of proving said defensive matter by a preponderance of  the  evidence. This cited case is instructive in the instant case upon several points.  Also see 5 Amer. & Eng. Ency. of Laws (2nd ed.) 30; 2 Abbott's Trial Brief, Pleadings (2nd ed.) 902,

1626. That it is unnecessary for the plaintiff to antici-
pate defenses in an action upon an insurance policy and
negative them in his declaration, see Tillis v. Liverpool,
London & Globe Ins. Co., 46 Fla. 268, 35 South. Rep. 171;
Indian River State Bank v. Hartford Fire Ins. Co., 46
Fla. 283 , 35 South. Rep. 228.

The seventh assignment is that "the verdict is contrary
to law," and the eighth is that "the verdict is contrary
to the evidence." We shall pass these assignments until
we reach the eighteenth and last assignment, which is
based upon the denial of the motion for a new trial.

The thirteenth assignment is based upon the denial by
the court of the defendant's motion for a continuance.
An examination of this motion and of the accompanying
affidavit discloses that some of the necessary require-
ments of an application for a continuance, as laid down
by this court in numerous decisions, are wanting. See
Harrell v. Durrance, 9 Fla. 490; Green v. King, 17 Fla.
452; Sanford v. Cloud, 17 Fla. 532; Livingston v. Cooper,
22 Fla. 292; Reynolds v. Smith, 49 Fla. 217 38 South.
Rep. 903. As we said in Jones v. State, 44 Fla. 74, 32
South. Rep. 793, "Denial of a motion for a continuance
will not be reversed by an appellate court unless there
has been a palpable abuse of discretion clearly and af-
firmatively shown by the record."

The fourteenth, fifteenth and sixteenth assignments are
based upon the overruling of the defendant's objections to
the introduction in evidence of the certificate or policy
of insurance which formed the basis of the action. We
are of the opinion that there is no merit in these assign-
ments. The pleas of the defendant expressly admit that
the defendant insured the life of Frank M. Lipscomb by a
certificate of insurance, which they identify by descrip-
tion, impliedly admitting the correctness of the copy at-

tached to the declaration. The only facts which were really to be tried were those averred in the affirmative defense set up in the pleas that said Lipscomb died in consequence of a violation of a criminal law of the State of Florida, and, as we have already seen, the burden was upon the defendant to prove these facts. Murray v. New York Life Insurance Co., *supra.* It is elementary that facts admitted by the pleadings need not be proved. 2 Abbott's Trial Brief, Pleadings (2nd ed.) 914; 1 Thompson's Trials, Sec. 197. In fact, all the allegations in the declaration which are not denied by plea are admitted to be true. Pitt v. Acosta, 18 Fla. 270; Hyer v. Vaughn, 18 Fla. 647; Hooker v. Johnson, 10 Fla. 198.

The seventeenth assignment is that "the court erred in allowing J. B. Johnson and W. B. Davis to testify to the value of attorney's fees for conducting this suit."

We find that the grounds of objection to the testimony of these witnesses were: "1st. That the defendant was not at the time of issuing the certificate or at the time of instituting of this suit an insurance company. 2nd. That attorney's fees were not properly an element of damage in the suit pending." The only argument made here by the plaintiff in error in support of this assignment is that Chapter 4173 of the Laws of 1893, which provides that a judgment for reasonable attorney's fees shall be entered in favor of the holder of a policy in an action against any life or fire insurance company in this State, wherein plaintiff recovers judgment, has been repealed by Chapter 4380 of the Laws of 1895, in so far as Knights of Pythias and the other orders enumerated in section 8 of said Chapter are concerned. This position is untenable, as a mere inspection of said two Chapters will show. Chapter 4380 neither directly nor by implication repeals Chapter 4173, and in no wise relates to or affects

it. In Tillis v. Liverpool & London & Globe Ins. Co., 46 Fla. 268, 35 South. Rep. 171, and Hartford Fire Insurance Company v. Redding, 47 Fla. 228, 37 South. Rep. 62, S. C. 67 L. R. A. 518, we held Chapter 4173 of the Laws of 1893, to be constitutional. No attempt was made in the instant case to have this count of the declaration struck out under section 1043 of the Revised Statutes of 1892, as was intimated in Tillis v. Liverpool & London & Globe Co., *supra*, might be pursued in the event such a count was thought calculated to embarrass the fair trial of the cause. It was not questioned or attacked in any way until plaintiff offered the testimony in question. While it is true that the right of the plaintiff to recover attorney's fees under this count in the declaration might be raised and questioned by objections to testimony, (Borden v. Western Union Tel. Co., 32 Fla. 394, 13 South. Rep. 876,) yet upon the grounds of objections interposed by the defendant to this testimony in the trial court, to which specific grounds it is confined in this court, we are of the opinion that no error was committed in overruling them. Hoodless v. Jernigan, 46 Fla. 213, 35 South. Rep. 656. The admissions in defendant's pleas as well as the testimony introduced in the case tended to show that defendant was engaged in conducting a life insurance business in this State, so as to make Chapter 4173 of the Laws of 1893 applicable in actions brought against it upon policies or certificates of insurance issued by it. No testimony was introduced by the defendant showing or tending to show its exemption from the provisions of said Chapter.

The eighteenth and last assignment is based upon the denial of the motion for a new trial. This motion contains seventeen grounds, but in disposing of the other
27 S. C.

assignments we have discussed all of them which are argued here (McNish v. State, 47 Fla. 69, South. Rep. 176) except two, that the verdict is contrary to law, and also that it is contrary to the evidence. These two grounds form the basis for the seventh and eighth assignments, which we passed in their regular order, promising to take them up later, which we now do. In our opinion, no extended discussion of them is necessary. As we have seen, the real, issue for the jury to determine was as to whether or not Frank M. Lipscomb came to his death while violating a criminal law of this State, which fact it was incumbent upon the defendant to prove by at least a preponderance of the evidence, yet under an erroneous charge this burden was cast upon the plaintiff. See Schultz v. Pacific Insurance Co., 14 Fla. 73; Williams v. Dickenson, 28 Fla. 90, 9 South. Rep. 847. Notwithstanding this, the jury found a verdict in favor of the plaintiff. We fail to find wherein the verdict was contrary to law, and we are of the opinion that the evidence was sufficient to warrant the jury in finding the verdict which they did, therefore, we must refuse to disturb it. McNish v. State, *supra.*

The judgment must be affirmed, and it is so ordered, at the cost of the plaintiff in error.

COCKRELL and WHITFIELD, JJ., concur.

TAYLOR, P. J., and HOCKER and PARKHILL, JJ., concur in the opinion.