JAMES HOEY, W. E. GRUBER, A. E. MCCLURE, HARRY E. LEE, J. H. CAMPBELL AND MANUEL C. JORDAN, PLAINTIFFS IN ERROR, vs. DUNCAN U. FLETCHER AND JOHN WURTS, AS PARTNERS UNDER THE FIRM NAME OF FLETCHER & WURTS, DEFENDANTS IN ERROR.

LIBEL—NEWSPAPER ARTICLES AS EVIDENCE—HARMLESS ERROR.

1. In a suit for libel, an article, published in a widely circulated newspaper, containing a statement of facts upon which the defendant subsequently predicates the libelous publication, if shown to have been seen, read and believed to be true by the defendant, is proper to be admitted in evidence, not in rebuttal of the plaintiff's evidence disproving the truth of such newspaper article, nor as affirmative evidence of the truth of the statements therein made, but only *in mitigation of damages* for the purpose of showing that the libelous words were used upon probable grounds of suspicion calculated at the time to impress the belief of their truth, and that they were not published with the *malicious* purpose of falsely and wantonly destroying character.

2. It is discretionary with the trial judge, after the defendants have closed the introduction of their evidence in chief and the plaintiffs have introduced their rebuttal testimony, to open the case and permit the defendants to introduce new evidence tending to sustain their defense, but that is not in rebuttal of any evidence introduced on the reply by the plaintiffs.

3. When it is apparent to an appellate court from the entire record and proofs that the jury could not properly have found otherwise than in favor of the plaintiffs, as they did find, it will not reverse the judgment because of improper remarks by the trial judge, calculated to intimidate the jury, but will treat such remarks as harmless error.

Writ of Error to the Circuit Court for Duval county.

The facts in the case are stated in the opinion of the court.

*M. C. Jordan*, for Plaintiffs in Error.

No appearance for Defendants in Error.

TAYLOR, C. J.:

The defendants in error, a firm of attorneys at law, sued the plaintiffs in error in the Circuit Court of Duval county in an action of libel, alleging in their declaration the publication of the following libellous matter, *viz:* "Messrs. Fletcher & Wurts have flagrantly violated their duties as attorneys."

The defendants interposed the following plea: For plea in this behalf these defendants say that the plaintiffs ought not to have their aforesaid action against them, because they say that before the committing of the supposed grievances in the said declaration mentioned, to-wit: on the 7th day of September, A. D. 1891, the said plaintiffs occupied toward

these defendants, in common with other interested
persons as bondholders of the Florida Sub-Tropical
Exposition, a corporation under the laws of the State
of Florida, the relation of attorneys at law to repre-
sent the interest of these defendants and said divers
interested persons, bondholders as aforesaid, and the
said John Wurts occupied the position of trustee for
these defendants and the others of said bondholders,
under a trust deed executed by the proper officers of
the said Florida Sub-Tropical Exposition for the ben-
efit of these defendants and the said other bondhold-
ers to secure the payment of the bonds held by them,
and creating a lien upon the property of said corpora-
tion; and the said plaintiffs obtained a decree of this
court ordering the sale of said property under said
trust deed through proceedings directed and author-
ized by these defendants; and the said plaintiffs, and
especially the said John Wurts, thereafter combined
with divers other persons to form a syndicate to pur-
chase the said property, the subject matter of said
deed of trust, for the purpose of enabling the said syn-
dicate to get the same at a small price, and far below
the value of the said property; and the said property,
by reason of said combination, was, at a sale under
said decree, on September 7, 1891, bid in by the said
syndicate for the insignificant sum of $1,800, a sum far
below the amount decreed to said bondholders in the
decree of sale; and the said D. U. Fletcher was pres-
ent at the said sale, taking part in the same as one of
the attorneys of these defendants and of the said John
Wurts, trustee, and acquiescing and consenting to the
same, all of which conduct was in violation of the ex-
press wishes and instructions of these defendants
made and given in their behalf to the said John Wurts.

:as trustee and as one of their said attorneys, to bid in said property for their benefit, and the benefit of their :said co-bondholders, and so these defendants, believing that by reason of said conduct the said plaintiffs had flagrantly violated their duties as attorneys, as .above set forth, and believing that the said sale ought to have been set aside, and full and complete justice done to them in the premises, caused a circular letter to be sent to their co-bondholders (of which the words set forth in the said declaration forms a detached portion), representing the said conduct of the said plaintiffs, and inviting them to co operate in a suit of equity with these defendants for the purpose of securing the said sale to be set aside, and other proper redress in the premises, a copy of which circular is in words and figures following, to-wit:

"JACKSONVILLE, FLA., Oct. 8, 1891.

To —————————————:

On the 7th day of September John Wurts, Esq., as trustee for the Bondholders of the Sub-Tropical Exposition, of which you are one, procured a sale of the property under foreclosure of a mortgage executed to him as trustee of the Bondholders. At this sale he combined with divers peasons to permit the property to be sold for the sum of $1,800, to J. W. Archibald, as trustee for divers persons, Mr. Wurts himself being one of the syndicate for whose benefit the property was purchased by Mr. Archibald. Mr. D. U. Fletcher, Mr. Wurts' partner, and Mr. Wurts himself, were acting as attorneys of record for Mr. Wurts as trustee for the bondholders. The decree of foreclosure is for the sum of about $15,000, that being the aggregate amount of the bonds in the hands of the bondholders. In this conduct Mess. Fletcher & Wurts have flagrantly vio-

lated their duties as attorneys, and Mr. Wurts, his duty as trustee, and the sale under the circumstances is fraudulent, and the court will set aside this sale upon a bill in chancery being filed for such purpose. Mr. Wurts will probably send you your *pro rata* share of the proceeds arising from this fraudulent sale, which will amount to the insignificant sum of 6 or 7 *per cent.* of what you are entitled to. The property cost in the neighborhood of $45,000. and ought to be worth to the bondholders more than the entire sum stated in the decree of foreclosure, for speculative purposes. If you accept the insignificant sum which Mr. Wurts will tender you, you will be estopped from moving to set aside this sale as fraudulent, and if you have accepted any, it will be well for you to return it to him at once, stating that you accepted it under a mistake of fact. You are invited to co-operate with us in having this sale set aside, and in procuring the property to be resold and bought in for our joint benefit, as no one will bid higher than the amount of our decree; and if any person or persons bid to an amount approximating to such sum as would, in our judgment, be expedient to let it be sold for, we could let it be sold to him or them, and then share, *pro rata* the proceeds of the sale, in a much greater sum than at present. Our attorney will undertake the work of procuring this sale to be set aside for a very moderate sum, and we do not think that you will be called upon to pay any *pro rata* share of his fees until the matter has been successfully decided, the court costs being very little. Please let us hear from you at once, addressing all communications to W. E. Gruber, Jacksonville, Fla.

We remain, yours respectfully,

> JAMES HOEY,
> W. E. GRUBER,
> A. E. McCLURE,
> HARRY E. LEE,
> J. H. CAMPBELL,
> JAMES McCLATCHEY."

Wherefore these defendants, at the time mentioned in the said declaration, published of and concerning the said plaintiffs the said several words in the said declaration mentioned, as it was lawful for them to do, for the cause aforesaid, and upon which occasion these defendants only sent the said circular letter to their co-bondholders, who had a direct interest in the subject matter, and to no other person or persons whatsoever, as it was lawful for them to do for the cause aforesaid, and this these defendants are ready to verify."

Upon this plea the plaintiffs joined issue. Trial was had thereon before a jury, resulting in a verdict and judgment for the plaintiffs in the sum of $500, and from this judgment the defendants take writ of error.

There are fifteen assignments of error, but none of them merit discussion except the fifth and sixth, and we will confine the discussion to them; the eighth assignment of error being a repetition of the sixth.

At the trial the defendants offered in evidence the issue of September 8, 1891, of the "Daily Standard," a daily newspaper of wide and extensive circulation, then published in Jacksonville, Florida, containing what purports to be an account given by J. W. Archibald, in an interview with the reporter of said newspaper, of the sale of the Sub-Tropical Exposition buildings and properties under the decree of foreclos-

ure of mortgage in favor of John Wurts, trustee, for bondholders. The article asserts that D. U. Fletcher and divers other persons attended the sale. That the property was all sold in a lump to J. W. Archibald, as trustee, for $1,800. That the persons who were the real purchasers for whom Mr. Archibald is trustee were John Wurts and divers other persons named. That these parties had formed themselves into a company and purchased the building, and would endeavor to run it during the coming season as an exposition. That evidence was offered, as was stated, for two purposes: 1st. To rebut the evidence of John Wurts, to the effect that he was not interested in the sale of said property. 2d. To show that the defendants had reasonable grounds for believing that plaintiffs had flagrantly violated their duty as attorneys for the defendants at said sale. The court excluded the offered evidence, to which exception was taken, and it constitutes the fifth assignment of error. Had the defendants offered this evidence while they were making out their defense in chief and had offered in connection therewith to show that the defendants had seen and read and believed the newspaper article to be true before framing the libellous paper, it would have been proper to have admitted it in evidence, not in rebuttal of Mr. Wurts' testimony that he was not interested in the purchase under the foreclosure, nor as affirmative evidence that he was so interested, but only *in mitigation of damages* for the purpose of showing that the libellous words were used upon probable grounds of suspicion calculated at the time to impress the belief of their truth, and that they were not published with the *malicious* purpose of falsely and wantonly destroying character. Jones, Varnum & Co. vs. Town-

send's Admx., 21 Fla. 431; Montgomery vs. Knox, 23 Fla. 595, 3 South. Rep. 211; Coogler vs. Rhodes, 38 Fla. 240, 21 South. Rep. 109; Saunders vs. Mills, 6 Bing. (19 Eng. C. L.) 213; Hewitt vs. Pioneer-Press Co., 23 Minn. 178, S. C. 23 Am. Rep. 680. The defendants, however, did not offer this evidence to make out their defense in chief, but closed their case in chief without it and offered it after the plaintiffs had made their proofs in reply, when there was nothing to which it was admissable in rebuttal. It was discretionary with the judge whether he would permit the proof at that stage of the trial, and we can not under the circumstances adjudge his rejection of it to be error.

During the argument of the defendants' counsel to the jury the judge interrupted said attorney and stated to the jury that they "should not regard what the said attorney had then just stated, as it was a matter of law; that the jury should take the law as given to them by the court, and if you disobey the instructions given to you by the court, you will be guilty of contempt, and the court can punish you." Exceptions were duly taken, and the remarks of the judge constitute the sixth and eighth assignments of error.

As was said in the case of Price vs. Carter Bros. & Co. (decided at the present term), 39 Fla. ——, 22 South. Rep. ——, that it is erroneous for the judge during the trial of a cause to make any remarks to the jury that would tend to intimidate them or put them in fear, or that in anywise tends to coerce the jury, and that cause was reversed because of the same erroneous remarks, but in that case the only charges given were strongly favorable to the plaintiff, with none for the defendant; and the facts of that case

were such that the jury might, if left free and un-
trammeled, have properly found a verdict the reverse
of the one returned, but in this case the court gave
two sets of charges, the one set liberally favorable to
the plaintiffs, the other equally broad in favor of the
defendants; and, from the proofs we can not well see
how the jury could properly have found otherwise
than in favor of the plaintiffs. We therefore think,
in this case, the remarks of the judge were harmlessly
erroneous.

Finding no reversible error in the record the judg-
ment of the court below is affirmed.