Houston & Texas Central Railway Company v. J. A. McNeel, Jr.

Decided ·June 13, 1903.

**1.—Carrier of Passengers—Ejecting Passenger from Train—Amount of Damages.**
Where plaintiff's ticket was taken up by the conductor, who neglected to give him a check or slip, and later demanded that plaintiff pay fare or get off, denied that he had taken up the ticket, called plaintiff a liar, refused to hear any explanation, and put plaintiff off about dark at a place where there were no hotel accommodations, so that he was compelled to walk six miles to a town, and missed his train connection there, a verdict for $250 damages was not excessive.

**2.—Same—Measure of Damages—Charge.** ·
Plaintiff was entitled to just and fair compensation for the injuries sustained by him as the direct and proximate result of his ejection, which would include compensation for mental distress and for injuries, if any, sustained as a result of his walking to the town, provided a reasonably prudent man would, under the circumstances, have done that; and a charge so stating correctly presented the issues

Appeal from the District Court of Navarro. Tried below before Hon. L. B. Cobb.

*Baker, Botts, Baker & Lovett,* and *Frost, Neblett & Blanding,* for appellant.

*Gore & Gore* and *Richard Mays,* for appellee.

BOOKHOUT, Associate Justice.—This is a suit by appellee against appellant to recover damages for personal injuries sustained by him as a result of being unlawfully ejected from one of appellant's passenger trains. From a judgment for plaintiff defendant has appealed.

*Opinion*—The appellant presents two contentions in its brief upon which it insists that the judgment ought to be reversed. The first is directed at the verdict as being excessive, and the second complains of the charge on the measure of damages. That appellant sold to appellee a ticket to Wortham entitling him to transportation over its road from that place to Corsicana is undisputed. He boarded the train, and when his ticket was demanded by the conductor, appellee delivered it to him. The conductor failed to give appellee a check or slip as a token that he had paid his fare and was entitled to ride on that train to Corsicana. The conductor again called on appellee for a ticket after passing Richland, and was told by him that he had taken up his ticket. This the conductor denied, and stated that he would have given appellee a check had he taken up his ticket. He demanded that appellee furnish a ticket or pay 4 cents per mile, or he would be ejected from the train. Appellee offered to explain and get a man who saw him surrender his ticket. This the conductor would not permit, nor would he listen to any explanation. The appellee testified: "I told him again that I had paid; the conductor then said: 'Well, I will put you off at Angus sta-

tion.' The conductor told me I was a liar; that I had not paid my fare; he said: 'You can get it again if you pay your fare on the train and did have a ticket, out of the company; or, if I put you off, you can get it out of the company in the way of damages.'" This conversation was had in the presence of others. Plaintiff further stated: "The conductor when talking to me talked loud like he was mad." It does not seem to have occurred to the conductor that he could be mistaken. Appellee was compelled to leave the train at Angus about sundown where there was no hotel, and, it would seem, no accommodation for travelers, and because of this he walked six miles to Corsicana. The Cotton Belt train which he had intended taking to complete his journey had passed, and, after staying over night at that place, he returned to Wortham next day. The appellee was rightfully on appellant's train as a passenger, and had paid his fare. He was wrongfully and without cause ejected by the conductor. The language of the conductor to the appellee and the manner in which it was spoken in the presence of third persons was well calculated to, and appellee testified, did humiliate him. In view of all the testimony we think the verdict for $250 was not excessive. Railway. v. Barnett 34 S. W. Rep., 449.

There is no merit in the criticism of the paragraph of the court's charge which reads: "If you find from the evidence that by reason of being put off the train, and as the probable and reasonable consequence thereof, the plaintiff had to walk to Corsicana, you may allow him what you believe is right and fair as compensation for having to do so; and if, as the natural and probable consequence of being put off the train, the plaintiff suffered mental distress, you may allow him what in your judgment, if anything, he ought fairly to have by way of compensation." The appellee was entitled to just and fair compensation for the injuries sustained by him as the direct and proximate result of his ejectment from the train, which would include compensation for mental distress and for injuries, if any, sustained as a result of his walking to Corsicana, provided a reasonably prudent man would, under the circumstances, have walked to Corsicana. The charge as a whole fairly presented the issues, and the appellant's assignments criticising the same are overruled.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.