THOMAS WILSON, PLAINTIFF IN ERROR, v. RICHARD JOHNSON AND ESSIE JOHNSON, DEFENDANTS IN ERROR.

1. Objections interposed to the introduction in evidence of a written instrument which do not appear upon the face thereof but would have to be proved by extraneous evidence should be overruled.

2. The trial court is authorized to regulate the order of the introduction of evidence, and its discretion in this matter will only be interfered with by an appellate court where clearly abused.

3. A motion to strike out evidence that has been introduced in a cause must be predicated upon some feature of irrelevancy, incompetency, legal inadmissibility, or impertinency in the evidence itself. Where evidence has been introduced by a party, whether plaintiff or defendant, that in itself is pertinent, relevant, legal and proper so far as it goes, but which, in the conception of the opposite party, falls short, for the want of proof of other necessary facts, the

proper practice for such party is to ask for appropriate in-
structions from the court to the jury.

4.  If the plaintiff in an action of ejectment claims title by
    descent, it is sufficient for him, in the first instance, to
    prove his heirship, and that the ancestor under whom he
    claims was the person last seized of the lands in contro-
    versy.

5.  After either or both parties have rested, the admission or
    exclusion of further evidence is in the discretion of the
    judge; and this discretion extends to evidence offered dur-
    ing and after the argument and even after the cause has
    been submitted to the jury, but an exception may be taken,
    and if the ruling be an abuse of discretion relief may be
    had from an appellate court.

6.  An application for a postponement or a continuance is ad-
    dressed to the sound judicial discretion of the trial court,
    and the ruling of the trial court either granting or denying
    such application will not be reversed by an appellate court,
    unless an abuse of this discretion is clearly shown.

7.  Courts of Justice exist for the administration and further-
    ance of Justice and in the conduct of trials generally much
    must be left to the discretion of the trial judge.

8.  A stranger in possession of lands is presumed to hold under
    the owner, and the burden of proof is on him to show that
    the owner knew his possession to be hostile, or that it was
    so open and notorious as to raise a presumption of such
    notice.

9.  When the peremptory charge was properly given, any re-
    marks made by the trial judge in the presence of the jury
    are harmless.

This case was decided by Division A.

Writ of  Error to the  Circuit  Court for  Columbia
County

The facts in the case are stated in the opinion of the Court.

*M. C. Jordan* for Plaintiff in Error.

*M. M. Scarborough, Jr.*, and *Roberson & Small*, for Defendants in Error.

SHACKLEFORD, C. J.   The defendants in error brought an action of ejectment against the plaintiff in error in the Circuit Court for Columbia county, which resulted in a verdict and judgment for the plaintiffs, from which the defendant seeks relief here.

This is the second time this case has been here.   See Johnson v. Wilson, 48 Fla. 76, 37 South. Rep. 179.

The first assignment is as follows: "The court respectively erred in admitting severally in evidence the deed from A. J. T. Wright and O. A. Caldwell to Richard Johnson, Sr., without proof of title in or possession of the land described therein by said parties at or near the time of said conveyances respectively."

The bill of exceptions discloses that the two deeds objected to constituted the first evidence introduced by plaintiff.

As we said in Thomas v. Williamson, decided here at the present term, "objections interposed to the introduction in evidence of a written instrument which do not appear upon the face thereof but would have to be proved by extraneous evidence should be overruled."   Also see to the same effect Hoodless v. Jernigan, also decided here at the present term, wherein we also said that "it is also settled law in this court that the trial court is authorized to regulate the order of the introduction of evidence, and its discretion in this matter will only be interfered

with by an appellate court where clearly abused." See also Pittman v. State, decided here at the present term, and authorities therein cited. This error is not well assigned.

The second assignment is that "the court respectively erred in severally refusing to strike from the evidence said deeds upon motion of defendant, upon defendant's ground as stated, that no title or possession was shown in said Wright or said Caldwell to make such legal title appear in them as would drive defendant to proof of title on his part, said motion having been made after plaintiffs had rested their case."

We are of the opinion that no error was committed by the trial court in overruling this motion. As we said in Walker v. Lee, decided here at the present term. "A motion to strike out evidence that has been introduced in a cause must be predicated upon some feature or irrelevancy, incompetency, legal inadmissibility, or impertinency in the evidence itself. Where evidence has been introduced by a party, whether plaintiff or defendant, that in itself is pertinent, relevant, legal and proper so far as it goes, but which, in the conception of the opposite party, falls short, for the want of proof of other necessary facts, the proper practice for such party is to ask for appropriate instructions from the court to the jury." Also see the authorities therein cited. The instruments so sought to be stricken had not been received conditionally, upon the promise of the plaintiffs to supply the necessary connecting evidence. Pittman v. State, supra, and authorities cited therein.

However, there is still another reason why the motion should not have been granted. The evidence introduced on behalf of the plaintiffs was to the effect that Richard Johnson, Sr., the grantee in the two deeds, moved upon

and resided upon the land in question with his children during the latter part of the civil war and after the close thereof, one witness testifying in the years 1865, 1866, 1867 and "along there," when the shops of the railroad company, for which Richard Johnson, Sr., worked as fireman on an engine, were moved from Lake City to Jacksonville and he followed the shops and moved to Jacksonville also, where he died "sometime after the war," the date not being given; that his wife had died about the beginning of the war; that they had three children, Richard, Jr., Liddy, who married and died, leaving one child, Essie, and Anderson, who died during boyhood. Richard Johnson, Jr., and Essie Johnson were the plaintiffs who instituted the action of ejectment, claiming title to the land in question as the heirs of Richard Johnson, Sr. As laid down in Warvelle's Ejectment, Sec. 233, "It would seem further, that if plaintiff claims by descent, it is sufficient for him, in the first instance, to prove his heirship, and that the ancestor under whom he claims was the person last seized of the lands in controversy." Supporting this proposition, see Jones v. Bland, 112 Pa. St. 176, 2 Atl. Rep. 541; Weaver v. Rush, 62 Ark. 51, 34 S. W. Rep. 256. Also see 15 Cyc. 38.

The third assignment is as follows: "The court erred in granting a continuance for three days on motion of the plaintiffs to obtain the testimony of a witness from Jacksonville to supply plaintiff's failure to prove that the husband of Lydia Johnson was dead, or that she was not married, after plaintiffs had rested their case, and the defendant had moved the court to instruct the jury to find a verdict for the defendant upon the ground stated by defendant that the testimony of the plaintiffs had shown that Lydia Johnson was married and Essie Johnson was a child of said marriage, and the father was not made a

party plaintiff or cause shown why he was not made a party, whereby counsel for defendant and defendant were put to great expense."

We find from the transcript that, after plaintiffs had rested their case, and the defendant had unsuccessfully moved to strike out from the evidence the two deeds, which ruling formed the basis for the second assignment, he then moved the court to direct the jury to find a verdict for the defendant upon the following grounds: "1st. The plaintiffs failed to show any title or possession in the respective grantors of Richard Johnson, deceased.

2nd. There was no evidence identifying the plaintiffs as the children of Richard Johnson, deceased.

3rd. That the evidence on the part of the plaintiffs showed that Lydia Johnson had married before she died, leaving a husband, the father of the plaintiff, Essie Johnson, and that he was not joined as a plaintiff, and that this suit could not be maintained by the plaintiffs alone."

The transcript further shows the following proceedings: "But the said Judge refused to grant the said motion, and announced that the plaintiffs would be entitled to a two-thirds undivided interest in said property, and if the defendant did not submit any evidence that he would so instruct the jury to find as their verdict.

And thereupon the plaintiffs, by their attorneys, announced that they had anticipated that the defendant would make this point, and had expected a witness from Jacksonville to come in on the train from there but that said witness did not come, and then and there moved the said Judge to grant them a continuance for the purpose of producing said witness and obtaining testimony to show why the father of the plaintiff Essie Johnson was not made a co-plaintiff.

To the granting of which motion the defendant did then and there object upon the grounds that the plaintiffs having announced they were ready to go into the trial of the cause which was called for trial and having rested their case. it would be unfair and contrary to law to grant said motion.

2nd.   That it would put him to great expense, as his attorneys resided in Jacksonville and he would have to pay their expenses in Lake City or their fares going to and returning again from Jacksonville.

But the said Judge did then and there overrule the said objections and granted said motion, and continued the further trial of said cause to Friday, November 3, 1905, at 10 o'clock a. m.

To which ruling and decision of said Judge the defendant by his attorneys did then and there except."

"After either or both parties have rested, the admission or exclusion of further evidence is in the discretion of the judge; and this discretion extends to evidence offered during and after the argument and even after the cause had been submitted to the jury, but an exception may be taken, and if the ruling be an abuse of discretion relief may be had." Abbott's Trial Brief, Civil Jury Trials (2nd ed.) 123.   Also see Hoey v. Fletcher, 39 Fla. 325, 22 South. Rep. 716; Robinson v. State, 50 Fla. 115, 39 South. Rep. 465, and authorities therein cited.   It is also settled law here that an application for a postponement or a continuance is directed to the sound judicial discretion of the trial court, and the ruling of the trial court either granting or denying such application will not be reversed by an appellate court. unless an abuse of this discretion is clearly shown.   Supreme Lodge Knights of Pythias v. Lipscomb, 50 Fla. 406, 39 South. Rep. 637; Peacock v. Feaster, 51 Fla. 269, 40 South. Rep. 74; Clements

v. State. decided here at the present term.   Courts of jus-
tice exist for the administration and furtherance of jus-
tice and in the conduct of trials generally much must nec-
essarily be left to the discretion of the trial judge.

We fail to find wherein it is disclosed by the bill of ex-
ceptions that Essie Johnson's father survived her mother
or that he was living at the time of the trial.   However,
be that as it may, we find no error on the part of the trial
judge in denying the motion of the defendant to instruct
the jury to return a verdict in his favor. or in granting
the application of the plaintiffs for a continuance of the
cause for three days.

The fourth and fifth assignments may be considered to-
gether and are as follows:

"4th. The court erred in refusing to admit in evidence
on the part of the defendant the power of attorney from
Richard Johnson to Kate Barnes, and the deed from Rich-
ard Johnson, by Kate Barnes, attorney in fact, and Essie
Johnson to R. R. Robinson.

5th. The judge of said court erred while refusing to ad-
mit said papers in evidence in announcing before the jury
that he thought the adverse possession of the defendant
was shown sufficiently to preclude the defendant's right
to have said papers admitted in evidence."

The additional evidence introduced by the   plaintiffs,
when the trial of the case was resumed, after the adjourn-
ment, was to the effect that Essie Johnson's mother was
never married; that the defendant. some five years before
this trial was had, had stated to Kate Barnes, the cousin
of Essie Johnson, who went to Lake City to look after the
land in question and found the defendant   living on. it,
that he had taken care of it and was keeping it up for the
heirs of Richard Johnson, Sr., and at that time defendant
did not claim it; that Kate Barnes told defendant if he

would come to Jacksonville she would have the plaintiffs deed him a part of the land, including the house he was living in, for taking care of the property; that defendant did go to Jacksonvile. but refused to accept the deed which had been prepared, saying that it embraced too little land, became very angry and said he would get him a lawyer, and returned to Lake City and went back upon the land; that all this happened before the deed to R. R. Robinson was made.

This is practically all the testimony as to the adverse holding of the land by defendant, and, even taken in connection with his sworn plea of not guilty, it may be doubtful whether or not a sufficient showing of defendant's adverse holding or possession was made so as to make the principle enunciated by this court in Coogler v. Rogers, 25 Fla. 853, 7 South. Rep. 391, applicable. We refer especially to the first three head-notes. If the defendant had offered to connect his possession with the Robinson title, and had announced to the court that he offered the power of attorney to Barnes and the deed to Robinson as the foundation of his defense then the instruments in question would have been admissible in evidence. However, no such showing was made, and defendant offered no evidence of any kind save the two instruments which were rejected. The testimony of Kate Barnes to the effect that defendant stated and admitted to her that he did not claim the land but was holding it for the Johnson heirs was uncontradicted and must be taken as true. This conversation between defendant and Kate Barnes took place, according to her testimony, about five years before the trial, at which she testified, which was had at the Fall term, 1905, of said court, while the action of ejectment against defendant was originally instituted in September, 1901, therefore within a short time after the

conversation. According, then, to defendant's own admissions, he was not holding adversely to the Johnson heirs until after his return from Jacksonville to Lake City, and from that time on he must be deemed a mere trespasser in possession and, therefore, precluded from setting up an outstanding title in a third person to defeat the title of plaintiffs to support his own. See the able opinion of Mr. Justice COLEMAN in Lucy v. Tennessee & C. R. Co., 92 Ala. 246, 8 South. Rep. 806. This being true, the trial judge was right in refusing to admit the two proffered instruments in evidence, and as the peremptory charge was properly given, any remarks by the court in the presence of the jury were harmless.

The sixth, seventh and eight assignments are as follows:

"6th. There was no evidence to show that Richard Johnson, Sr., ever was in possession of the property purporting to be conveyed by Caldwell to R. Johnson, Sr.

7th. There was no basis in the evidence for an instruction by the court to the jury to find a verdict for plaintiffs.

8th. The court erred in instructing the jury to find a verdict for the plaintiffs."

We have already practically disposed of these assignments in treating the others. Suffice it to say that no error has been made to appear to us.

The judgment must be affirmed, at the cost of the plaintiff in error, and it is so ordered.

COCKRELL and WHITFIELD, JJ., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.