SEABOARD AIR LINE RAILWAY, A CORPORATION, PLAINTIFF IN ERROR, v. MANLEY 'P. SCARBOROUGH, DEFENDANT IN ERROR.

1. Errors assigned and not argued will be treated as abandoned. Where one of the errors assigned is based upon the overruling of the motion of defendant for a compulsory amendment of the declaration, and such motion consists of a number of grounds, an appellate court will consider only such grounds as are argued.

2. The granting or denial of a motion for the compulsory amendment of a pleading, based on Section 1043 of the Revised Statutes of 1892, is a matter resting within the sound judicial discretion of the trial court, since such court must determine whether or not the pleading so sought to be reformed is "so framed as to prejudice or embarrass or delay the fair trial of the action," and the ruling fo the trial court thereon will not be disturbed by an

appellate court, unless it is plainly made to appear that there has been an abuse of this judicial discretion.

3. In an action by a plaintiff against a railroad company for wrongful expulsion from defendant's train an allegation in the declaration that plaintiff became a passenger in a certain train of defendant to be carried from a certain designated station to a certain designated station for a certain reward paid to the defendant is sufficient as against a motion for a compulsory amendment of the declaration seeking to have stated therein "whether plaintiff was on such train as a passenger by being the holder of a ticket purchased."

4. Where issue has been joined on all of defendant's pleas, except one as to which a motion to strike has been filed, prior to the beginning of a term of court, and such cause has not been entered by the Clerk on the trial docket by reason of the pending motion, the trial court has the power, after disposing of such motion, to order such case placed on the docket for trial at such term.

5. The denial of a motion for a continuance by the trial court will not be cause for reversal by an appellate court, unless a palpable abuse of judicial discretion is clearly and affirmatively made to appear.

6. The trial court is authorized to regulate the order of the introduction of evidence, and its discretion in this matter will only be interfered with by an appellate court where clearly abused.

7. An appellate court will consider only such grounds of objection to the admissibility of evidence as were made in the court below; the plaintiff in error being confined to the specific grounds of objection made by him in the trial court, and only such of the grounds so made below as are argued will be considered by an appellate court.

8. Where a question is objected to on certain specified grounds

and such grounds do not appear on the face of the question, the objection should be overruled.

9. Where evidence has been introduced by a party, whether plaintiff or defendant, that in itself is pertinent, relevant, legal and proper so far as it goes, but which, in the conception of the opposite party, falls short, for the want of proof of other necessary facts, the proper practice for such party is to ask for appropriate instructions from the court to the jury.

10. Parties to a cause, who are also witnesses therein, should not be excluded from the court room, or put under the rule, during the trial of such cause, since it is their right to be present and to aid in or observe the progress of the trial. The only person, however, who would be in a position to complain of this action would be the party to the cause so excluded, and no error is committed by the trial court in refusing to order the party so excluded to come into the court room, at the instance of the opposing party, for the purpose of identification by a witness.

11. In determining the correctness of instructions and charges they should be considered as a whole, and, if as a whole they are free from error, an assignment predicated on isolated paragraphs or portions, which standing alone might be misleading, must fail.

12. An instruction which apparently leaves to the jury a question of law as well as fact cannot be successfully assigned as error, if another instruction or charge which was given corrected the error by defining the law.

13. In an action brought by a passenger for wrongful expulsion from a train no error is committed by the trial court in refusing to give the following instruction, at the request of defendant: "If you believe from the evidence, that the conductor of defendant requested of plaintiff his fare or ticket a short time after leaving the depot in Ocala, as testified by witnesses of defendant, and that he there-

after again requested the plaintiff to produce his ticket or pay his fare, and that he failed to do so, whereupon he was required to leave the train, you will find for the defendant." "A short time" might mean one second, one minute, five minutes or more, being a relative term and might be either a reasonable time or not, and so the word "thereafter" might mean immediately or any subsequent time after the first demand.

14. As to what would be a reasonable opportunity or time to allow a passenger to produce his ticket or pay his fare largely depends upon the facts and circumstances of each particular case.

15. A requested instruction, even though it may embrace correct legal principles, is properly refused when such principles have been fully covered by other instructions or charges given in the case.

16. Whether a reasonable or sufficient time was given to a passenger to produce his ticket or pay his fare is ordinarily a question of fact for the jury under the circumstances of the particular case. This is especially so when the evidence is conflicting.

17. Where there is evidence to support the verdict it will not be disturbed or set aside by an appellate court as being against the evidence, where its propriety depends entirely upon the credibility of conflicting witnesses.

This case was decided by Division A.

Writ of error to the Circuit Court for Marion County.

The facts in the case are stated in the opinion of the court.

*Geo. P. Raney* and *L. N. Green,* for Plaintiff in Error;

*R. L. Anderson,* for Defendant in Error.

SHACKLEFORD, C. J.: This is an action instituted by the defendant in error against the plaintiff in error in the Circuit Court for Marion county, in which damages were sought to be recovered by the plaintiff for his expulsion as a passenger from defendant's train.    The declaration alleges in substance that defendant was possessed of and operating a railroad from Ocala to Anthony in the county of Marion and State of Florida, together with certain trains of cars running thereon for the conveyance of goods and passengers for reward; that the plaintiff at Ocala, on the 16th day of January, 1903, then became a passenger in a certain train of defendant to be carried from Ocala to Anthony for a certain reward paid to the defendant in that behalf, and thereupon it became the duty of defendant to safely transport plaintiff to his destination, but that the defendant by its agents, servants and employes who were conducting and managing such train, at about the hour of two o'clock a. m., before the arrival of the train at Anthony, and at a place distant more than five miles therefrom, wrongfully and with force and arms compelled the plaintiff to leave the train and unlawfully and wrongfully ejected him therefrom, by means whereof the plaintiff was greatly injured, distressed and damaged in mind and feelings, and by means whereof the plaintiff was also compelled to and did in the night walk from the point where he was ejected to Anthony, and was thereby exposed to the cold and inclemency of the weather, which caused him to suffer great pain and anguish of body and mind, and to become sick, lame and disordered; also

by means of the premises plaintiff was compelled to and did lay out and expend divers large sums of money amounting to $100.00 in and about endeavoring to be cured of his sickness and was prevented from transacting and attending to his business and affairs and thereby lost divers great gains and profits, which otherwise he would have made and acquired. The plaintiff laid his damages at $2,000.00.

A motion was filed by defendant for a compulsory amendment of the declaration, which was overruled with the exception of the first ground, and a demurrer was also interposed and overruled. The defendant then filed the following eight pleas:

"1. That it never promised as the plaintiff hath alleged in and by his declaration.

2. That it is not guilty of the wrong and injury whereof the plaintiff complains.

3. It denies the plaintiff became a passenger in the train of defendant as he hath in and by his declaration alleged.

4. It denies that it became its duty, or that it was its duty, to safely transport and carry the plaintiff from Ocala to Anthony, as plaintiff hath alleged.

5. It denies the plaintiff paid the defendant a certain reward to be carried from Ocala to Anthony as plaintiff hath alleged.

6. It denies the plaintiff was unlawfully and wrongfully ejected from its train of cars, or that it unlawfully and wrongfully refused to permit plaintiff to remain in or upon said train of cars, as the plaintiff hath alleged.

7. It denies the plaintiff was compelled to, in the night time, walk from the point where he was put off said train to Anthony, as he hath alleged.

8. And for a further plea in this behalf this defendant

says: That upon the occasion mentioned in plaintiff's declaration, and while said plaintiff was being conveyed on the cars of this defendant, he, the said plaintiff was requested by the conductor of said train, he being the lawful representative of this defendant for that purpose, to deliver to him, the said conductor, the ticket or other writing given by this defendant in its usual course of dealing with the public and with persons seeking transportation as passengers in its cars and over its line of road to evidence the right of persons to ride on its trains as passengers with fare prepaid, with which reasonable request on the part of said conductor the plaintiff failed to comply after being given every reasonable opportunity so to do, whereupon said conductor demanded of said plaintiff the payment of his fare in cash, for transportation to his point of destination, with which demand the plaintiff also refused or failed to comply, after which the said conductor waited for a reasonable time upon the plaintiff to either produce and deliver to him the said conductor, the ticket or other paper writing, or the cash fare demanded as aforesaid, and upon said plaintiff's failure to comply with either demand said conductor requested the plaintiff to leave the train of this defendant, which said plaintiff thereafter did, at the time and place mentioned in this declaration."

The first plea of *non assumpsit*, was stricken out upon motion of plaintiff, and issue was joined upon the others.

Trial was had before a jury, which resulted in a verdict and judgment in favor of the plaintiff in the sum of $200.00, to review which defendant sued out a writ of error, returnable to the last term of this court, but, for cause shown, the time for filing the transcript was extended to a day within the present term. The defendant assigned seventy-five errors, upon which it relied for a re-

versal. In view of this number, it seems to us that the following language used by Mr. Justice BREWER in Fidelity and Deposit Company v. L. Bucki & Son Lumber Company, 189 U. S. 135, text 138, 23 Sup. Ct. Rep. 582, is in point: "It may be true, as the Scriptures have it, that 'in the multitude of Counsellors there is safety,' but it is also true that in a multitude of assignments of error there is danger." Fortunately, all of these assignments are not insisted upon before us, and, following the established practice in this court, we shall consider only those which are argued. Hoodless v. Jernigan, 46 Fla. 213, 35 South. Rep. 656.

The first assignment brought to our attention is the seventh, which is based upon the overruling of the seventh ground of defendant's motion for a compulsory amendment of the declaration, the first six grounds of such motion being treated as abandoned because not argued, the motion standing upon the same footing as the overruling of a motion for a new trial, or a motion to quash an indictment, consisting of a number of grounds. McNish v. State, 47 Fla. 69, 36 South. Rep. 176; Schley v. State, 48 Fla. 53, 37 South. Rep. 518. The ground is as follows: That the declaration be required to be amended "by stating whether said plaintiff was on said train as a passenger by being the holder of a ticket purchased." As is contended by defendant, this motion was made under Section 1043 of the Revised Statutes of 1892, which is as follows: "If any pleading be so framed as to prejudice or embarrass or delay the fair trial of the action, the opposite party may apply to the court to strike out or amend such pleading, and the court shall make such order respecting the same, and also respecting the costs, as it shall see fit."

In construing Section 1042 of the Revised Statutes of

1892, which relates to voluntary amendments, we have held that the matter of allowing or refusing amendments of pleadings must rest largely within the sound judicial discretion of the trial court, and that an appellate court will not disturb the ruling of the trial court either in granting or in denying the application to amend, unless it is plainly made to appear that there has been an abuse of such discretion. Supreme Lodge Knights of Pythias v. Lipscomb, 50 Fla. 406, text 413, 39 South. Rep. 637, 639, and authorities there cited; Peacock and Hargraves v. Feaster, 51 Fla. 269, 40 South. Rep. 74. We are of the opinion that the same reasoning is applicable in construing Section 1043, since the court must determine whether or not the pleading sought to have reformed is "so framed as to prejudice or embarrass or delay the fair trial of the action." See 2 Abbott's Trial Brief, Pleadings (2nd ed.) 1892. Applying this principle in the instant case in passing upon the assignment under consideration we have no hesitancy in declaring that no abuse of judicial discretion has been made to appear to us in the ruling of the trial court. We fail to see what difference it could make to the defendant whether the plaintiff had purchased a ticket, or had money with which to pay his fare when he boarded the train, or how the absence of such an allegation from the declaration could "prejudice or embarrass or delay the fair trial of the action," and defendant has not succeesed in pointing the same out to us. The declaration contains the essential allegation that plaintiff became a passenger on defendant's train. This is sufficient. We must conclude, therefore, that this error was not well assigned.

The next assignment which confronts us is the fourteenth, which is as follows: ,'In ordering said cause dock-

28—S. C.

eted for trial at this term of court over the objections of defendant." We ascertain from the bill of exceptions that on the 20th day of May, and during the third week of the term, the plaintiff by his counsel moved that the cause be placed on the docket for trial at that term of court. This was resisted by defendant on the ground that, under Section 1390 of the Revised Statutes of 1892, "only those causes ready for trial on the first day of the term should be placed on trial docket for trial at that term of court," and also on further grounds set up in an affidavit filed by defendant's attorney. So far as the purposes of this assignment are concerned, the only portion of Section 1390 at all applicable is that relating to the keeping of a trial docket by the Clerk of the Circuit Court and requiring him to enter thereon, before each term of court, all cases of law triable at that term. Defendant contends that, as on the 29th day of March, 1905, plaintiff had filed a motion to strike out defendant's first plea and the same was not argued and disposed of until the 9th day of May, 1905, during the term of court, which began on the first day of May, the issues were not settled until after the first day of the term and consequently the case was not entitled to be docketed by the Clerk under Section 1390, to which we have already referred. We find that plaintiff had joined issue upon all of defendant's pleas, except the first, on the 29th day of March, 1905, on which day the motion to strike the first plea was filed. Conceding for the moment that the case should not have been placed on the trial docket prior to the beginning of the term, by reason of the pending motion, was the court precluded from ordering it placed on the docket after disposing of the motion, which left all the issues fully made up? We are of the opinion that this question must be answered in the negative. It

would seem, however, that, under Section 1031 of the Revised Statutes of 1892, which requires all issues to be made up, after the filing of the pleas, by the first day of the next succeeding term, the case was entitled to be placed upon the docket by the Clerk prior to the beginning of the term. We would also refer to Rule 33 of the Rules of Circuit Court in Common Law Actions, found on page 14 of said Rules, prefixed to 14 Fla. Also see Flournoy v. Munson Bros. Co., 51 Fla. 198, 41 South. Rep. 398. We turn now to the affidavit of defendant's counsel in order to consider the grounds therein set forth in opposition to plaintiff's motion to place the case on the docket for trial. We find that this affidavit is really in the nature of an application for a continuance. It is settled law in this court that an application for a continuance is addressed to the sound judicial discretion of the trial court, and the denial of such a motion will not be reversed by an appellate court, unless there has been a palpable abuse of this judicial discretion, which must be clearly and affirmatively made to appear in the bill of exceptions. Supreme Lodge Knights of Pythias v. Lipscomb, 50 Fla. 406, 39 South. Rep. 637; Clements v. State, 51 Fla. 6, 40 South. Rep. 432; Pittman v. State, 51 Fla. 94, 41 South. Rep. 385; Wilson v. Johnson, 51 Fla. 370, 41 South. Rep. 395. In substance the affidavit sets forth that defendant's counsel, on the 9th day of May, 1905, the day on which the court sustained the motion to strike defendant's first plea, and subsequent thereto, had spoken to plaintiff's counsel about the trial of the cause at that term of the court, asking if some arrangement could not be made for setting a day for trial, but he never could get any satisfaction from plaintiff's counsel, but inferred from remarks made by him that he did not intend to demand a trial at that term; that affi-

ant was ready and willing to have the trial at that term until the 19th day of May, having been informed by L. Harrison, an employe of defendant, who had the exclusive task of looking up the evidence of the defendant in this case, that the witnesses of defendant could be obtained at that term upon any reasonable notice without subpoenas, but that on said date affiant informed said Harrison of the conversations had with plaintiff's counsel and that, as affiant saw no prospect for a trial at that term, there was no necessity for Harrison keeping informed of the whereabouts of defendant's witnesses; that Harrison then left Ocala with that understanding and affiant had no knowledge of his whereabouts, to discover which would probably require some considerable time, and "that this affiant, not being a prophet, is unable to state with any accuracy as to how long it will take to make the discovery in question;" that affiant had no information or idea as to whether defendant's witnesses or any of them could be obtained at that term of court, in the event the same was concluded that week. The affidavit did not set forth the names of any of the witnesses or what was expected to be proved by them, further than affiant had been informed by Harrison that the defense set up in defendant's various pleas or in some of them could be sustained by reputable witnesses, who had not been summoned "because, among other reasons, of the fact of this affiant feeling secure in the belief that the said cause would not be tried at this term of court, unless by consent of parties." It is readily apparent that some of the necessary requirements of an application for a continuance, as laid down by this court in a number of decisions, are wanting. See Supreme Lodge Knights of Pythias v. Lips-

comb, 50 Fla. 406, text 415, 39 South. Rep. 637, 640, and authorities there cited.

We further find that the trial was not had until the 27th day of May, 1905, and that at the trial the plaintiff was the only witness who testified in his behalf, while the defendant introduced as witnesses the conductor in charge of the train on the night in question, the porter, who assisted in putting plaintiff off, and two of the four passengers who were in the coach, in addition to the plaintiff. No abuse of judicial discretion has been made to appear, and this assignment must fail.

The next assignment argued is the fifteenth, which is as follows: "In permitting, over defendant's objections, the question to plaintiff as to whether he suffered any physical or bodily discomfiture in his trip from Silver Springs Junction to Anthony." Six grounds of objection were interposed to this question, but only the third, fourth and fifth are urged before us and to those we confine ourselves. They are as follows:

"3rd. Because the matters relative to which the witness is questioned are too remote to be considered by the jury.

4th. Because it has not been made to appear that plaintiff made any effort to prevent having to make the trip, at the time and in the manner he did, from the point where he left train of defendant to the point of his destination at Anthony.

5th. Because the plaintiff does not appear to have made any effort to have found a place to stay in the vicinity of the place where he left defendant's train the remainder of the night."

The exact wording of the question, to which these grounds of objection were interposed, was "Did you suffer

any physical or bodily discomfort in your trip from Silver Springs Junction to Anthony?"

We set forth the question in full because of the difference in the meaning of the two words, "discomfort" and "discomfiture," as to which see Webster's International Dictionary. The only authority cited by defendant in support of this assignment is 5 Amer. & Eng. Ency. of Law, 695, (2nd ed.) and notes, which we have examined and are of the opinion that the correct rule is laid down in The Cincinnati, Hamilton and Indianapolis R. R. Co. v. Eaton, 94 Ind. 474, S. C. 48 Amer. Rep. 179. In fact, this case is referred to in the note in the Encyclopaedia, just cited, as setting forth "the better rule." As stated in the text of the Encyclopaedia, which is supported by the cited case, in discussing the rules for the recovery of damages in cases where the passenger, through the negligence or wrongful act of the carrier, has been put down at a place other than his destination, necessitating a walk from which sickness or injury has resulted, "the conclusion generally reached is, that in such case the act of the carrier is the proximate cause of the resulting sickness, provided the passenger has been prudent and careful in undertaking the walk, there being no other means at hand of alleviating his position." Also see note on pages 381 to 387 inclusive of 47 Amer. Rep., where numerous authorities are collected. Was the question as framed open to the objections urged against it? We think not. The trial court is authorized to regulate the order of the introduction of evidence, and its discretion in this matter will only be interfered with by an appellate court where clearly abused. Wilson v. Johnson, 51 Fla. 370, 41 South. Rep. 395; Pittman v. State, 51 Fla. 94, 41 South. Rep. 385, and authorities therein cited. The allegations in the declara-

tion were sufficiently broad to embrace all damages for the physical or bodily discomfort suffered by plaintiff as a consequence of defendant's wrongful act. The question was not objectionable on its face on the grounds urged against it and, if plaintiff, at the close of all his testimony, in the opinion of defendant, had failed to introduce in evidence additional facts which were necessary to show that plaintiff was entitled to recover any damages for physical' discomfort suffered by reason of the walk so occasioned, the proper practice for the defendant was to ask for appropriate instructions from the court to the jury upon that point. Wilson v. Johnson, *supra;* Walker v. Lee, *supra;* Pittman v. State, *supra.* This assignment must fall with the seventh and fourteenth.

The next assignment argued is the sixteenth: "In not requiring the plaintiff, on motion of counsel for defendant, to come into the court room so that the witness, Max Myerson, might be given an opportunity to identify him as the person who was put off the train at the time testified to by him."

The bill of exception discloses that Max Myerson, a witness on behalf of defendant, who had already testified that he was a passenger on the train on the night a man was put off the train by the conductor, W. W. Stanton, at Silver Springs Junction, that it was in the month of January, according to the best of his recollection, but he was not sure whether the year was 1903 or 1904, that he did not know the name of the passenger he referred to as having been put off the train, but he believed he would recognize him if he saw him in court, in response to the request of defendant to look around the court room and state whether he saw the passenger referred to, had replied that he did not. "Whereupon counsel for defendant·

requested counsel for plaintiff to produce his client in court in order to give the witness of defendant, who was then on the witness stand, an opportunity to determine whether or not said plaintiff was the person whom he referred to as being put off the train of defendant at the time and place testified to by said witness. Which request counsel for plaintiff refused. Whereupon counsel for defendant requested the court to require that said plaintiff come into court and present himself for identification by the witness for defendant to determine whether he was as a matter of fact the passenger referred to by said witness in his testimony. To which counsel for plaintiff objected on the grounds:

1st. That the plaintiff being a witness in his own behalf, and all witnesses both for plaintiff and defendant having been put under the rule and excluded from the court room, the plaintiff subject to this rule ought not to be required to come into court and thus violate the order of the court.

2nd. Because the court had no authority to require said plaintiff to come into court for the purpose of identification by the witness at that time on the stand.

3rd. Because it would not be just to bring said plaintiff in the court under the circumstances for the purpose of identification, because said witness on the stand would know that he was the plaintiff in said cause, because thus brought in."

The court ruled that the plaintiff should not be required to come into court for the purpose of identification by the witness, to which ruling the defendant then and there excepted.

Neither party has cited to us any authorities upon this assignment. It is doubtless true that parties to a cause, who are also witnesses therein, should not be excluded

from the court room, or put under the rule, as it has been frequently called, since it is their right to be present and to aid in or observe the progress of the trial. 1 Thompson's Trials, Sec. 279; 8 Ency. of Pl. & Pr., 93; Ryan v. Couch, 66 Ala. 244, text 248. The only person, however, who would be in a position to complain of this action would be the party to the cause so excluded, who in the instant case was the plaintiff and who is making no complaint on this score. It may also be true that the court had the discretionary power to require the plaintiff to come into the court room for the purpose of identification. See Rice v. Rice N. J. Eq. 45, 19 Atl. Rep. 736; Abbott's Trial Brief, Civil Jury Trials (2nd ed.) 306; 2 Wigmore's Ev., Sec. 1150 *et seq.;* 4 Wigmore's Ev., Secs. 2194, 2220 *et seq.,* for a general discussion. As we said in Wilson v. Johnson, 51 Fla. 370, 41 South. Rep. 395, courts of justice exist for the administration and furtherance of justice and in the conduct of trials generally much must be left to the discretion of the trial judge. If the defendant thought it material to its defense to have the plaintiff present in the court room for the purpose of identification by the witness, it could have secured his presence by having a subpoena issued and served upon him. We find further from the testimony of the plaintiff himself as well as from testimony of other witnesses for defendant that there was no conflict as to the identity of the plaintiff with the passenger who was put off the train on the night in question and it could hardly be contended that the jury was left in any doubt upon that point. We find no error here.

The forty-eighth and forty-ninth assignments, which are argued together, come next for our consideration and are as follows:

"48. In overruling fourth ground of defendant's motion

for new trial as follows: In giving the first charge requested by the plaintiff.

49. In overruling the fifth ground of defendant's motion for new trial as follows: In giving that portion of the 1st charge requested by plaintiff, reading as follows: 'and that the expulsion of plaintiff was wrongful.' "

The charge in question reads as follows: "1st. The jury are instructed that if they believe from the evidence in this case that the plaintiff on January 16, 1903, was a passenger on the train of defendant going from Ocala to Anthony, Florida, that he had a ticket entitling him to be carried by defendant from Ocala to Anthony aforesaid, and that the defendant's conductor ordered and required him to leave said train before reaching Anthony, and that the plaintiff left said train because of said order and requirement of the conductor, and that the expulsion of plaintiff was wrongful, then the jury should find for the plaintiff."

In support of this assignment, defendant has cited Lane v. State, 44 Fla. 105, 32 South. Rep. 896; Mayer v. Wilkins, 37 Fla. 244, 19 South. Rep. 632, referring evidently to the proposition that where error in the rulings upon charges is shown, damage is presumed unless the contrary affirmatively appear. We thoroughly approve of this principle and followed it in Walker v. Parry, 51 Fla. 344, 40 South. Rep. 69, the 5th head note of which is as follows: "Where a charge given is erroneous injury is presumed, and will be cause for reversal unless from an inspection of the whole record the court can say affirmatively that the jury could not have been misled thereby." It is also true that in mixed questions of law and fact a charge which apparently leaves to the jury a question of law as well as of fact is erroneous. Lewton v. Hower, 35 Fla. 58,

16 South. Rep. 616. However, it is equally well settled in this court, as an examination of even these cited authorities will show, to say nothing of others to which we might refer, that in determining the correctness of charges they should be considered as a whole, and if as a whole they are free from error, an assignment predicated on isolated paragraphs or portions, which standing alone might be misleading, must fail; also that a charge which apparently leaves to the jury a question of law as well as of fact cannot be successfully assigned as error if another charge which was given corrected the error by defining the law. We are of the opinion that reading the charge complained of, in connection with the second and third charges given at the request of plaintiff, the first charge given at the request of defendant and the first and second charges given by the court of its own motion, no error is made to appear, and these assignments must fail.

The fifty-third assignment is based upon the refusal of the court to give the following charge, at the request of defendant:

"2nd. If you believe from the evidence, that the conductor of defendant requested of plaintiff his fare or ticket a short time after leaving the depot in Ocala, as testified by witnesses of defendant, and that he thereafter again requested the plaintiff to produce his ticket or pay his fare, and that he failed to do so, whereupon he was required to leave the train, you will find for the defendant."

This charge was faulty in that it fails to tell the jury that plaintiff was entitled to a reasonable time in which to produce his ticket or pay his fare after the same had been demanded of him by the conductor. "A short time after leaving the depot in Ocala" might mean one second,

one minute, five minutes or more, being a relative term
and might be either a reasonable time or not, and so the
word "thereafter" might mean immediately or any subse-
quent time after the first demand. The law upon this point
was correctly given in other charges by the court. The as-
signment must go to keep company with those already
considered.

The fifty-fourth assignment is predicated upon the re-
fusal of the court to give the following charge requested
by defendant:

"4th. Under the evidence introduced before you in this
cause, it devolves upon you to determine whether the
plaintiff, Scarborough, had a reasonable opportunity in
which to have produced his ticket from Ocala to Anthony,
after the conductor of defendant first demanded it of him,
and you are instructed as a matter of law, that the general
rule in such cases is for the passenger to be allowed for
this purpose from the time the train leaves the point
where the passenger takes the train until its arrival at the
next place where it is customary for passengers to leave
the train, or in that vicinity."

The only authority cited in support of this assignment
is Chicago and Alton R. R. Co. v. Willard, 31 Ill. App. 435,
the sixth headnote of which is as follows: "The time oc-
cupied by a passenger train in running from one station
to another is sufficient to allow a passenger, using ordin-
ary diligence, to find a lost ticket." We are not prepared
to hold that this principle is applicable as a general rule,
and no authorities are cited in that opinion to that effect.
As to what would be a reasonable opportunity or time to
allow a passenger to produce his ticket or pay his fare,
it seems to us, must largely depend upon the facts and
circumstances of each particular case.

Other instructions given stated the law more correctly upon this point. See the discussion in this opinion of sixty-second to sixty-fourth assignment.

The fifty-sixth assignment is based upon the refusal of the court to give the following charge requested by defendant:

"5th. Should you find for the plaintiff in this cause, you are not to allow him anything as exemplary damages, or what is commonly known as 'smart money,' as a punishment upon the defendant.'

The fifty-seventh assignment is based on striking out the words "or sickness" by the court from the following charge requested by defendant:

"6th. You are also to allow the plaintiff nothing for medical attention or sickness, subsequent to his leaving the train of defendant at Silver Springs Junction. These things are not to be considered by you."

These two assignments may be treated together. We would refer to the authorities cited in this opinion in disposing of the fifteenth assignment, as well as the following: Chicago & Alton R. R. Co. v. Flagg, 43 Ill. 364, S. C. 92 Amer. Dec. 133; Breen v. St. Louis Transit Co., 102 Mo. App. 479; Houston & T. C. R. Co. v. McNeel, 33 Tex. Civ. App. 153, 76 S. W. Rep. 206; Smith v. Pittsburg, Ft. Wayne & Chicago Ry. Co., 23 Ohio St. 10; Sloane v. Southern Cal. Ry. Co., 111 Cal. 668, 44 Pac. Rep. 320, S. C. 32 L. R. A. 193. No error is made to appear to us in these assignments. So far as the requested charges embraced correct legal principles they were covered by other instructions given.

What we have said in treating the last two assignments, and the authorities to which we have just referred, make it unnecessary to discuss the fifty-eighth assignment,

which is based upon the refusal of the court to give the following charge requested by defendant:

"7th. Should you find for the plaintiff, Scarborough, you are to allow him nothing for any mental pain or suffering he may have endured subsequent to his leaving the train of defendant at Silver Springs Junction."

This likewise disposes of the fifty-ninth assignment, based on the refusal to give the following charge:

"8th. You are further instructed that in the event you find for the plaintiff Scarborough, you are to allow him nothing for physical pain or suffering which he may have endured after leaving the train of the defendant."

We content ourselves with referring to the following additional authorities, which may prove instructive; Moore on Carriers, 887 *et seq.* and authorities cited in notes; 1 Current Law, 458 and notes; 3 Current Law 624 and notes; 6 Cyc. 566 and notes; Texas Pacific Ry. Co. v. James, 82 Texas 306, 18 S. W. Rep. 589, S. C. 15 L. R. A. 347; Mabry v. City Electric Ry. Co., 116 Ga. 624, 42 S. E. Rep. 1025, S. C. 94 Amer. St. Rep. 141, 59 L. R. A. 590.

The sixty-second, sixty-third and sixty-fourth assignments are all based upon the giving of the first and second instructions by the court of its own motion, which are as follows:

"1st. If you find from the evidence that the plaintiff had a ticket over the defendant's road from Ocala to Anthony, and that the conductor of the train demanded the ticket, and did not wait a reasonable time under the circumstances for him to produce it, then you must find for the plaintiff. If you find from the evidence that plaintiff was a passenger on defendant's train and had a ticket from Ocala to Anthony, and that the conductor demanded same, and that he did wait a reasonable time under the cir-

cumstances, and Mr. Scarborough did not present his ticket, then the conductor had a right to put him off the train, and you will find for the defendant."

"2nd. You are to judge from all the facts and circumstances what is a reasonable time. If a passenger has a ticket and the conductor demands the same, or the payment of his fare, and wait a reasonable time, and the passenger neglects, fails or refuses to produce same, the conductor has a right to put him off."

The vice with which these charges is infected, as urged by defendant, is that they leave it to the jury to determine whether plaintiff was allowed a reasonable time to produce and present his ticket to the conductor after the same had been demanded of him. The only authority cited by defendant is Martyn v. Amold, 36 Fla. 446, 18 South. Rep. 791. We find that this case relates to what is a reasonable time within which a person to whom an account is rendered must object or become bound and holds that it is for the court to determine what is a reasonable time in such a case. We do not think it is controlling or even in point in the instant case. Here there was a conflict in the testimony of plaintiff as a witness in his own behalf and the witnesses for defendant as to how much time was allowed plaintiff by conductor. We are of the opinion that the correct rule in such a case is laid down in Moore on Carriers, 733, as follows: "Whether a reasonable or sufficient time was given to a passenger to produce his ticket or pay his fare is ordinarily a question of fact for the jury under the circumstances of the particular case." See authorities cited in note 7. The trial court was correct in leaving this question to be determined by the jury from the testimony.

The sixty-seventh to the seventieth assignments inclu-

sive are all based upon the giving of the following charge by the court of its own motion:

"7th. On the question of damages, the court instructs you, if you find that the defendant unlawfully put the plaintiff off the train, then it was incumbent on the plaintiff to exercise all reasonable care and prudence for his personal safety and comfort and such as a reasonable, prudent man would have done under the same circumstances. If you find that he was unlawfully put off the train, and after being put off the train, he did not act as a reasonable, prudent and cautious man, unnecessarily exposed himself to the weather, and was made sick, suffered bodily pain, then the defendant is not liable for any damages for said sickness and bodily pain, but if unlawfully put off as explained to you, then the company would be responsible for damages to the value of the ticket. If you find that he was unlawfully put off as I explained to you, and the defendant acted as a prudent and reasonable man under the circumstances, and in the exercise of such reasonable and prudent conduct, was exposed to inclement weather, and suffered bodily pain and sickness, then these are matters you are to consider in assessing damages."

We are of the opinion that no error is made to appear here. See authorities cited in this opinion in disposing of the fifteenth, fifty-sixth, fifty-seventh, fifty-eighth and fifty-ninth assignments.

The seventy-first to the seventy-fourth assignments inclusive question the sufficiency of the evidence to support the verdict, defendant contending that the verdict is contrary to law, contrary to the charge of the court, contrary to the evidence and the weight of the evidence, and not supported by the evidence. On a number of material points there is a conflict between the testimony of the plaintiff

as a witness in his own behalf and that of the witnesses for the defendant. It is settled law in this court that where there is evidence to support the verdict it will not be disturbed or set aside by an appellate court as being against the evidence, where its propriety depends entirely upon the credibility of conflicting witnesses. M'cNish v. State, 47 Fla. 69, 36 South. Rep. 176, and numerous authorities there cited. There is nothing whatever before us to show that the jurors were improperly influenced by considerations outside the evidence. In fact, in his order denying defendant's motion for a new trial, the trial judge used the following language: "I see no suggestion of improper conduct, and if it had been because of prejudice I feel as though they would have given more damages than they did. I do not consider it to be within the province of the court to set aside the verdict simply because the court is not impressed as the jury was, and this does not warrant the court in substituting his judgment for that of the jury." We concur with the trial judge. It is in line with the views so cogently expressed by the late Professor Thayer in his great work, A Preliminary Treatise on Evidence at the Common Law, 208 *et seq.*, as to the revising or setting aside by the court of the verdict of a jury.

Finding no reversible error, the judgment must be affirmed.

Cockrell and Whitfield, JJ., concur;

Taylor, Hocker and Parkhill, JJ., concur in the opinion.